IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBY J. RADCLIFF; CAROL L. RADCLIFF; BOBBY J. RADCLIFF and CAROL L. RADCLIFF, as parents and next friend of JASMINE S. LANG, JADA S. LANG, JAMYA RADCLIFF and BOBBY L. RADCLIFF, all minors; SYLVESTER ABRAMS; LAURINA SULLIVAN LAW; LAURINA SULLIVAN LAW, as great-grandmother and next friend of SYENTERIA REED, a minor; ANITA HICKS; WAYNE HICKS, JR.; JERMAINE HICKS; BOBBY McKENZIE; DIANE A. McKENZIE; BOBBY McKENZIE, JR.; DANIELLE N. TROTTER; SPENCER LEE LANG, JR.; TRENESA CHAPMAN; TRENESA CHAPMAN, as parent and next friend of LEO REED and JUSTIN REED, minors; JOHN SULLIVAN, JR.; BONNIE SULLIVAN; JOHN SULLIVAN, JR. and BONNIE SULLIVAN, as parents and next friends of BRODERICK SULLIVAN, JR., a minor; BERNICE PRESLEY; LLOYD PRESLEY; ELECTA PRESLEY; BERNICE PRESLEY, as parent and next friend of AVERY PRESLEY, a minor; NATHANIEL SULLIVAN; and LINDA REED, | * * * * * * * * * * * * * |
| Plaintiffs, | |
| | * |
| v. | CASE NO. 06-345 |
| | * |
| TATE & LYLE SUCRALOSE, INC.; A, B and C, being those unknown entities corporations, partnerships, individuals or sole proprietorships whose true and correct names will be added by amendment when ascertained, | * **PLAINTIFFS DEMAND TRIAL BY JURY** * * |
| Defendants. | * |

## COMPLAINT

1. The Plaintiffs are individuals all residing in Washington County, Alabama, so as to be citizens of the State of Alabama and the Defendant, Tate & Lyle Sucralose, Inc., is a Delaware corporation, having is principal place of business in the State of Illinois, specifically, Decatur, Illinois, qualified to do business in the State of Alabama and in fact doing business in Washington County, Alabama, owning and operating a plant adjacent to and in close proximity to all of the Plaintiffs' properties in Washington County, Alabama. The matter in controversy exceeds, exclusive of interest and costs, a sum specified by 28 U.S.C. §1332.

2. Bobby J. Radcliff and Carol L. Radcliff as individuals and parents of Jasmine S. Lang, a minor, Jada S. Lang, a minor, Jamya Radcliff, a minor, and Bobby L. Radcliff, a minor, are adult citizens of Washington County, Alabama owning property adjacent to or in close proximity to the Defendant's facilities in McIntosh, Alabama.

3. Sylvester Abrams is an adult resident citizen of Washington County, Alabama owning property adjacent to or in close proximity to the Defendant's facilities in McIntosh, Alabama.

4. Laurina Sullivan Law, is an adult citizen of Washington County, Alabama, and as great-grandmother and next friend to Syenteria Reed, a minor, and Anita Hicks, Wayne Hicks, Jr. and Jermaine Hicks, are all adult citizens in Washington County, Alabama all owning and/or residing adjacent to or in close proximity to the Defendant's facilities in McIntosh, Alabama.

5. Bobby McKenzie, Diane A. McKenzie, Bobby McKenzie, Jr. and Danielle N. Trotter, are adult resident citizens of Washington County, Alabama, owning and/or residing property adjacent to or in close proximity to the Defendant's facilities in McIntosh, Alabama.

6. Spencer Lee Lang, Jr. and Trenesa Chapman are adult citizens of Washington County, Alabama and, Trenesa Chapman, as parent and next friend of Leo Reed and Justin Reed, minors, who own and/or reside in properties adjacent to or in close proximity to the Defendant's facilities in McIntosh, Alabama.

7. John Sullivan, Jr. and Bonnie Sullivan, are adult citizens of Washington County, Alabama, and, as parents and next friends of Broderick Sullivan, Jr., a minor, own and/or reside in properties adjacent to or in close proximity to the Defendant's facilities in McIntosh, Alabama.

8. Bernice Presley, Lloyd and Electa Presley are adult citizens of Washington County, Alabama and Bernice Presley, as parent and next friend of Avery Presley, a minor, own and/or reside adjacent to or in close proximity to the Defendant's facilities in McIntosh, Alabama.

9. Nathaniel Sullivan is an adult resident citizen of Washington County, Alabama owning a lot and home adjacent to or in close proximity to the Defendant's facilities in McIntosh, Alabama.

10. Linda Reed is an adult resident citizen of Washington County, Alabama owning a lot and home adjacent to or in close proximity to the Defendant's facilities in

McIntosh, Alabama.

11.     Defendants, A, B and C, those persons or entities whose names are yet unknown and who are responsible for maintaining and/or operating facilities near the Plaintiffs' properties in Washington County, Alabama and/or for creating, causing and/or continuing to commit nuisance and/or trespass upon Plaintiffs' persons and property.

## COUNT ONE

12.     Plaintiffs adopt and incorporate all allegations set forth in paragraphs one through eleven hereinabove.

13.     As part of its operations, the Defendant, Tate & Lyle Sucralose, Inc., purchased, designed, built and/or constructed a plant at Washington County, Alabama, adjacent and contiguous and/or in close proximity to the Plaintiffs' residences without a buffer or any effective separation by and between the operation of the Defendant and the Plaintiffs' residences. Prior to acquiring said land and construction and building said plant, the Defendant, Tate & Lyle Sucralose, Inc., knew that the Plaintiffs were in close proximity to the Defendant's plant and knew that the Plaintiffs owned and used their property for their homes prior to placement and operation of the Defendant's plant in McIntosh, Alabama.

14.     Plaintiffs would show that the Defendant, Tate & Lyle Sucralose, Inc., had viable options available to it to engage in its business without damaging, destroying and/or harming the Plaintiffs' persons or properties, but that those alternatives have been dismissed by the Defendant and the Defendant has chosen to design, construct, maintain

and/or operate the aforesaid facility in close proximity to the Plaintiffs' homes without regard to the Plaintiffs' health, safety and welfare or the utility of their properties as their homeplaces.

15. That the Plaintiffs would show that at all times complained of the Defendant, Tate & Lyle Sucralose, Inc., has created a nuisance upon Plaintiffs' property and that the Defendant's plant on nearby property has exposed and continues to expose the Plaintiffs and their homeplaces to noxious odors, fumes, gases, chemicals and noise, which destroys the peaceful possession and use of the Plaintiffs' properties. The noises and odor emitting from the Defendant's plant are constant, annoying, unpleasant, obnoxious and disturbing to the Plaintiffs and disturbs the comfort and enjoyment of the Plaintiffs' homes and renders the use and occupation of the Plaintiffs' premises less comfortable and valuable. Additionally, the operation by the Defendant of the plant causes substantial hurt, inconvenience, emotional distress and special damages to the Plaintiffs and their property and constitutes a nuisance which would have the same damaging effect upon any ordinary, reasonable persons other than the Plaintiffs.

16. That the Plaintiffs have brought to the Defendant's attention the continued hurt, inconvenience and/or damage to the Plaintiffs' properties and persons, yet the Defendant continues to operate the plant and refuses to abate or cease the private nuisance.

17. That the Defendant's operation of the plant in McIntosh, Alabama in close proximity to the Plaintiffs' homeplaces continues through and including the date of the filing of this Complaint so as to disturb the comfort and enjoyment of the Plaintiffs'

homeplaces, diminish the Plaintiffs' value of their property, cause substantial pain and suffering and inconvenience and mental anguish.

18. The Defendant, Tate & Lyle Sucralose, Inc.'s, wrongful acts in continuously subjecting the Plaintiffs' properties and the Plaintiffs themselves to excessive noise, odors, chemical exposure, vibration, smoke, soot and gases, constitutes the tort of continuous nuisance and that nuisance has been carried out continuously, willfully, wantonly, intentionally and/or negligently proximately causing the Plaintiffs and their properties to suffer and to continue to suffer severe ongoing actual and special damages and as a proximate consequence of the Defendant's nuisance, the Plaintiffs and their properties have suffered the following damages:

  a. Diminution and/or depreciation in value of the real estate.

  b. Physical injury such as sinus, breathing, allergies and pulmonary damage.

  c. Loss of enjoyment and use of their properties, jointly and severally.

  d. Loss of sleep.

  e. Severe emotional stress and mental anguish.

  f. Other actual damages which will be proved at trial.

19. As a proximate result of the Defendant's intentional wanton and willful creation and maintenance of the aforesaid nuisance, Plaintiffs further demand an award of punitive damages as is appropriate to punish and deter the Defendant from this continued conduct.

WHEREFORE, the Plaintiffs, Bobby J. Radcliff; Carol L. Radcliff; Bobby J. Radcliff and Carol L. Radcliff, as parents and next friend of Jasmine S. Lang, Jada S. Lang, Jamya Radcliff and Bobby L. Radcliff, all minors; Sylvester Abrams; Laurina Sullivan Law; Laurina Sullivan Law, as great-grandmother and next friend of Syenteria Reed, a minor; Anita Hicks; Wayne Hicks, Jr.; Jermaine Hicks; Bobby McKenzie; Diane A. McKEnzie; Bobby McKenzie, Jr.; Danielle N. Trotter; Spencer Lee Lang, Jr.; Trenesa Chapman; Trenesa Chapman, as parent and next friend of Leo Reed and Justin Reed, minors; John Sullivan, Jr.; Bonnie Sullivan; John Sullivan, Jr. and Bonnie Sullivan, as parents and next friends of Broderick Sullivan, Jr., a minor; Bernice Presley; Lloyd Presley; Electa Presley; Bernice Presley, as parent and next friend of Avery Presley, a minor; Nathaniel Sullivan; and Linda Reed, jointly and severally, demand judgment of and from the said Defendant, Tate & Lyle Sucralose, Inc., for actual and punitive damages, to include both compensatory and punitive damages in a sum in excess of the jurisdictional minimum of this Court together with costs in an amount as to be determined at trial by a struck jury.

## COUNT TWO

20.     Plaintiffs adopt and incorporate all allegations set forth in paragraphs one through nineteen hereinabove.

21.     The aforesaid wrongful acts of the Defendant, Tate & Lyle Sucralose, Inc., were negligent and as a proximate result, the Plaintiffs, jointly and severally, have suffered actual damages as set forth herein.

22.     The Defendant's negligent conduct consisted of, but is not limited to, the following acts, all with notice:

    a.     Locating the subject facilities and/or operating the same in and upon areas not fit for such use.

    b.     Failing to consider and/or ignoring the adverse effect from such location, construction or operations on the Plaintiffs' property, homeplace, and on the Plaintiffs personally.

    c.     Failing to consider and/or to protect against, control and cease the incessant and excessive noise, odors, smoke, soot and gases coming from the facility and operations.

    d.     Negligent design, construction and/or maintenance or operation of the facility with respect to failing to guard against, control and/or cease the incessant and excessive noise and emission of noxious odors and gases from the facility.

    e.     Failing to obtain governmental review and/or approval of activities as acquired by law so as to assure avoidance and/or minimization of adverse effects to adjoining residents, to include Plaintiffs and their properties.

    f.     Failing to take action or sufficient actions so as to contain, control or minimize the adverse effect from such operations.

    g.     Failing to properly design, construct, install and/or maintain adequate means of preventing, controlling or minimizing adverse effects resulting from the operations.

      h.      Failing to correct deficiencies after notice.

      i.      Failing to adequately supervise design, construction, installation or maintenance of Tate & Lyle Sucralose, Inc. facilities.

      j.      Causing damage to nearby persons or property.

      k.      Failing to cease causing such damages after notice.

WHEREFORE, the Plaintiffs, Bobby J. Radcliff; Carol L. Radcliff; Bobby J. Radcliff and Carol L. Radcliff, as parents and next friend of Jasmine S. Lang, Jada S. Lang, Jamya Radcliff and Bobby L. Radcliff, all minors; Sylvester Abrams; Laurina Sullivan Law; Laurina Sullivan Law, as great-grandmother and next friend of Syenteria Reed, a minor; Anita Hicks; Wayne Hicks, Jr.; Jermaine Hicks; Bobby McKenzie; Diane A. McKEnzie; Bobby McKenzie, Jr.; Danielle N. Trotter; Spencer Lee Lang, Jr.; Trenesa Chapman; Trenesa Chapman, as parent and next friend of Leo Reed and Justin Reed, minors; John Sullivan, Jr.; Bonnie Sullivan; John Sullivan, Jr. and Bonnie Sullivan, as parents and next friends of Broderick Sullivan, Jr., a minor; Bernice Presley; Lloyd Presley; Electa Presley; Bernice Presley, as parent and next friend of Avery Presley, a minor; Nathaniel Sullivan; and Linda Reed, jointly and severally, demand judgment of and from the Defendant, Defendant, Tate & Lyle Sucralose, Inc., for actual compensatory damages in amounts in excess of the jurisdictional minimum of this Court together with costs of Court as to be determined by a struck jury.

## COUNT THREE

23. Plaintiffs adopt and incorporate all allegations set forth in paragraphs one through twenty-two hereinabove.

24. The aforesaid wrongful acts of the Defendant, Tate & Lyle Sucralose, Inc., were wanton and as a proximate result, the Plaintiffs, jointly and severally, have suffered actual damages as set forth herein.

25. The Defendant's wanton conduct consisted of, but is not limited to, the following acts, all with notice:

   a. Locating the subject facilities and/or operating the same in and upon areas not fit for such use.

   b. Failing to consider and/or ignoring the adverse effect from such location, construction or operations on the Plaintiffs' property, homeplace and on the Plaintiffs personally.

   c. Failing to consider to protect against, control and cease the incessant and excessive noise, odors, smoke, soot and gases coming from the facility and operations.

   d. Wanton design, construction and/or maintenance or operation of the facility with respect to failing to guard against, control and/or cease the incessant and excessive noise and emission of noxious odors and gases from the facility.

   e. Failing to obtain governmental review and/or approval of activities as required by law so as to assure avoidance and/or minimization of adverse effects to adjoining residents, to include Plaintiffs and their properties.

  f. Failing to take action or sufficient actions so as to contain, control or minimize the adverse effect from such operations.

  g. Failing to properly design, construct, install and/or maintain adequate means of preventing, controlling or minimizing adverse effects resulting from the operations.

  h. Failing to correct deficiencies after notice.

  i. Failing to adequately supervise design, construction, installation or maintenance of Tate & Lyle Sucralose, Inc. facilities.

  j. Causing damage to nearby persons or property.

  k. Failing to cease causing such damages after notice.

 26. Plaintiffs, jointly and severally, claim punitive damages of the Defendant based on the intentional, deliberate and/or wanton misconduct.

 WHEREFORE, the Plaintiffs, Bobby J. Radcliff; Carol L. Radcliff; Bobby J. Radcliff and Carol L. Radcliff, as parents and next friend of Jasmine S. Lang, Jada S. Lang, Jamya Radcliff and Bobby L. Radcliff, all minors; Sylvester Abrams; Laurina Sullivan Law; Laurina Sullivan Law, as great-grandmother and next friend of Syenteria Reed, a minor; Anita Hicks; Wayne Hicks, Jr.; Jermaine Hicks; Bobby McKenzie; Diane A. McKEnzie; Bobby McKenzie, Jr.; Danielle N. Trotter; Spencer Lee Lang, Jr.; Trenesa Chapman; Trenesa Chapman, as parent and next friend of Leo Reed and Justin Reed, minors; John Sullivan, Jr.; Bonnie Sullivan; John Sullivan, Jr. and Bonnie Sullivan, as parents and next friends of Broderick Sullivan, Jr., a minor; Bernice Presley; Lloyd Presley; Electa Presley; Bernice

Presley, as parent and next friend of Avery Presley, a minor; Nathaniel Sullivan; and Linda Reed, jointly and severally, demand judgment of and from the Defendant, Defendant, Tate & Lyle Sucralose, Inc., for actual compensatory and punitive damages, plus costs, in amounts in excess of the jurisdictional minimum of this Court together with costs of Court as to be determined by a struck jury.

## COUNT FOUR

27.     Plaintiffs adopt and incorporate all allegations set forth in paragraphs one through twenty-six hereinabove.

28.     The Defendant, Tate & Lyle Sucralose, Inc., has inversely condemned Plaintiffs' property, jointly and severally, without just compensation.

29.     The Plaintiffs request, in addition to the value of the property condemned, attorney's fees and costs as provided for by statute.

WHEREFORE, the Plaintiffs, Bobby J. Radcliff; Carol L. Radcliff; Bobby J. Radcliff and Carol L. Radcliff, as parents and next friend of Jasmine S. Lang, Jada S. Lang, Jamya Radcliff and Bobby L. Radcliff, all minors; Sylvester Abrams; Laurina Sullivan Law; Laurina Sullivan Law, as great-grandmother and next friend of Syenteria Reed, a minor; Anita Hicks; Wayne Hicks, Jr.; Jermaine Hicks; Bobby McKenzie; Diane A. McKEnzie; Bobby McKenzie, Jr.; Danielle N. Trotter; Spencer Lee Lang, Jr.; Trenesa Chapman; Trenesa Chapman, as parent and next friend of Leo Reed and Justin Reed, minors; John Sullivan, Jr.; Bonnie Sullivan; John Sullivan, Jr. and Bonnie Sullivan, as parents and next friends of Broderick Sullivan, Jr., a minor; Bernice Presley; Lloyd Presley; Electa Presley; Bernice

Presley, as parent and next friend of Avery Presley, a minor; Nathaniel Sullivan; and Linda Reed, jointly and severally, demand judgment of and from the Defendant, Tate & Lyle Sucralose, Inc., for damages as set forth by statute, plus attorney's fees and costs as provided by statute in amounts in excess of the jurisdictional minimum of this Court.

## COUNT FIVE

30. Plaintiffs adopt and incorporate all allegations set forth in paragraphs one through twenty-nine hereinabove.

31. The Defendant, Tate & Lyle Sucralose, Inc.'s, activities, as described herein above, are continuous and constitute the continuing threat of and the imposition of irreparable injuries and damages upon the Plaintiffs and upon their properties as the actions and activities of the Defendant, Tate & Lyle Sucralose, Inc., which remain unabated, constitute a threat to the health and safety of the Plaintiffs and to their properties and constitute activities that has resulted in irreparable injuries and damages sustained to date by the Plaintiffs and their properties.

32. Plaintiffs request that this Court issue a mandatory permanent injunction directing the Defendant, Tate & Lyle Sucralose, Inc., to cease and desist its activities adjacent to and contiguous to the properties of the Plaintiffs as described herein above and to immediately implement all corrective measures to cease and desist the acts engaged in by Defendant, Tate & Lyle Sucralose, Inc., constituting acts of nuisance and trespass and negligence and wantonness or to suffer the closing of the said operation of the Defendant, Tate & Lyle Sucralose, Inc.

WHEREFORE, the Plaintiffs, Bobby J. Radcliff; Carol L. Radcliff; Bobby J. Radcliff and Carol L. Radcliff, as parents and next friend of Jasmine S. Lang, Jada S. Lang, Jamya Radcliff and Bobby L. Radcliff, all minors; Sylvester Abrams; Laurina Sullivan Law; Laurina Sullivan Law, as great-grandmother and next friend of Syenteria Reed, a minor; Anita Hicks; Wayne Hicks, Jr.; Jermaine Hicks; Bobby McKenzie; Diane A. McKEnzie; Bobby McKenzie, Jr.; Danielle N. Trotter; Spencer Lee Lang, Jr.; Trenesa Chapman; Trenesa Chapman, as parent and next friend of Leo Reed and Justin Reed, minors; John Sullivan, Jr.; Bonnie Sullivan; John Sullivan, Jr. and Bonnie Sullivan, as parents and next friends of Broderick Sullivan, Jr., a minor; Bernice Presley; Lloyd Presley; Electa Presley; Bernice Presley, as parent and next friend of Avery Presley, a minor; Nathaniel Sullivan; and Linda Reed, jointly and severally, request the issuance by this Honorable Court of a mandatory injunction to the Defendant, Tate & Lyle Sucralose, Inc., directing the closure of the Defendant's operation failing curative measures being implemented immediately to cease and desist the unlawful activities of the Defendant as described and Plaintiffs further request in addition to the issuance of the mandatory injunction as requested herein actual compensatory damages sustained and punitive damages, plus costs in the amounts in excess of jurisdictional minimum of this Court together with costs of Court as to be determined.

Respectfully submitted,

/s/ John W. Parker
**JOHN W. PARKER (PARKJ3605)**
Attorney for Plaintiffs

**OF COUNSEL:**

**LAW OFFICES OF JOHN W. PARKER**
820 S. University Boulevard, Suite 2-F
Mobile, Alabama  36609
(251) 341-1020
(251) 341-1235 (Fax)

/s/ Herndon Inge, III
**HERNDON INGE, III (INGEH7342)**
Attorney for the Plaintiffs
Post Office Box 40188
Mobile, Alabama 36640-0188
(251)432-1444
(251)432-6941 (Fax)

**Plaintiffs respectfully request trial by jury.**

/s/ John W. Parker
**JOHN W. PARKER**

**Please serve Defendant via certified mail as follows:**

Tate & Lyle Sucralose, Inc.
c/o The Corporation Company
200 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109