IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BOBBY J. RADCLIFF, *et al.*,        :

    Plaintiffs,                  :

v.                                  :        CA 06-345-CG-M

TATE & LYLE SUCRALOSE, INC.,        :

    Defendant.                   :

                                       :  :  :

## ANSWER AND DEFENSES OF DEFENDANT TATE & LYLE SUCRALOSE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

For answer to Plaintiffs' Second Amended Complaint (the "Complaint"), Defendant Tate & Lyle Sucralose, Inc. ("Defendant" or "Tate & Lyle"), by its undersigned attorneys, states as follows:

### ADMISSIONS AND DENIALS

1.  Defendant admits that it is a Delaware corporation with its principal place of business in Decatur, Illinois; that it is qualified to do and doing business in Washington County, Alabama; and that it owns and operates a manufacturing plant located in Washington County, Alabama; however, Defendant denies the remaining allegations of paragraph 1 and demands strict proof thereof.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2; hence, they are denied.

3.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph

answer3.radcliff(tla)

3; hence, they are denied.

4.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4; hence, they are denied.

5.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5; hence, they are denied.

6.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6; hence, they are denied.

7.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7; hence, they are denied.

8.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8; hence, they are denied.

9.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9; hence, they are denied.

10.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10; hence, they are denied.

11.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11; hence, they are denied.

12.   Defendant states that the allegations of paragraph 12

require no response; however, to the extent a response is required, the allegations are denied.

### "Count One"

13.  Defendant repeats its responses to paragraphs 1-12 in response to paragraph 13.

14.  Defendant denies the allegations of paragraph 14 and demands strict proof thereof.

15.  Defendant denies the allegations of paragraph 15 and demands strict proof thereof.

16.  Defendant denies the allegations of paragraph 16 and demands strict proof thereof.

17.  Defendant denies the allegations of paragraph 17 and demands strict proof thereof.

18.  Defendant denies the allegations of paragraph 18 and demands strict proof thereof.

19.  Defendant denies the allegations of paragraph 19, including each subpart, and demands strict proof thereof.

20.  Defendant denies the allegations of paragraph 20 and demands strict proof thereof.

Defendant denies the allegations contained in the unnumbered paragraph beginning with the word "Wherefore" and further denies that Plaintiffs are entitled to any of the relief requested in this paragraph.

### "Count Two"

21.  Defendant repeats its responses to paragraphs 1-20 in response to paragraph 21.

answer3.radcliff(tla)

22.  Defendant denies the allegations of paragraph 22 and demands strict proof thereof.

23.  Defendant denies the allegations of paragraph 23, including each subpart, and demands strict proof thereof.

Defendant denies the allegations contained in the unnumbered paragraph beginning with the word "Wherefore" and further denies that Plaintiffs are entitled to any of the relief requested in this paragraph.

## "Count Three"

24.  Defendant repeats its responses to paragraphs 1-23 in response to paragraph 24.

25.  Defendant denies the allegations of paragraph 25 and demands strict proof thereof.

26.  Defendant denies the allegations of paragraph 26, including each subpart, and demands strict proof thereof.

27.  Defendant denies the allegations of paragraph 27 and demands strict proof thereof.

Defendant denies the allegations contained in the unnumbered paragraph beginning with the word "Wherefore" and further denies that Plaintiffs are entitled to any of the relief requested in this paragraph.

## "Count Four"

28.  Defendant repeats its responses to paragraphs 1-27 in response to paragraph 28.

29.  Defendant denies the allegations of paragraph 29 and demands strict proof thereof.

30. Defendant denies the allegations of paragraph 30 and demands strict proof thereof.

Defendant denies the allegations contained in the unnumbered paragraph beginning with the word "Wherefore" and further denies that Plaintiffs are entitled to any of the relief requested in this paragraph.

### "Count Five"

31. Defendant repeats its responses to paragraphs 1-30 in response to paragraph 31.

32. Defendant denies the allegations of paragraph 32 and demands strict proof thereof.

33. Defendant denies the allegations of paragraph 33 and demands strict proof thereof.

Defendant denies the allegations contained in the unnumbered paragraph beginning with the word "Wherefore" and further denies that Plaintiffs are entitled to any of the relief requested in this paragraph.

### AFFIRMATIVE DEFENSES

For further answer to the Complaint, Defendant Tate & Lyle, by its undersigned attorneys, pleads the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiffs:

### First Affirmative Defense

Defendant avers that the Court lacks subject matter jurisdiction over this action and/or the claims of some or all of the Plaintiffs.

### Second Affirmative Defense

Defendant avers that the Complaint, and each of the separate counts set forth therein, fails to state a claim against it upon which relief can be granted.

### Third Affirmative Defense

Defendant pleads the general issue and states that it is not guilty of any of the claims asserted in the Complaint, is not guilty of violating any laws of the State of Alabama or any other state, and is not guilty of any conduct proximately resulting in any injury or damage to Plaintiffs.

### Fourth Affirmative Defense

Defendant avers that venue of this action is improper as to it.

### Fifth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part by the applicable statute or statutes of limitation.

### Sixth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part by the defenses of waiver, laches, repose, estoppel, unclean hands, participation, acquiescence, ratification, *in pari delicto*, and/or consent.

### Seventh Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part by the defenses of payment, setoff, credit, compromise, release, accord and satisfaction, judgment, collateral estoppel, and/or *res judicata*.

answer3.radcliff(tla)

### Eighth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part by express or implied provisions of applicable agreements, contracts, leases, conveyances, or other written instruments.

### Ninth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part by lack of notice and/or inadequate notice.

### Tenth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Plaintiffs, or some of them, lack the requisite standing, authority, and/or capacity to maintain this action.

### Eleventh Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Defendants' conduct, if any, was justified.

### Twelfth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Plaintiffs were guilty of contributory negligence that proximately caused or contributed to cause the injuries and damages about which they now complain.

### Thirteenth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Plaintiffs assumed the risks of the activities or pursuits in which they were engaged at the time they allegedly suffered injury or damage.

### Fourteenth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because those claims have been misjoined and/or improperly joined.

### Fifteenth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part by the provisions of *Ala. Code* §§ 6-5-120 to -127 (1975).

### Sixteenth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because, to the extent a nuisance exists, which is denied, some or all of the Plaintiffs came to the nuisance.

### Seventeenth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Defendant owed no duty, fiduciary or otherwise, to Plaintiffs.

### Eighteenth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because the injuries and damages, if any, that Plaintiffs are alleged to have sustained were caused by superseding, intervening acts or omissions for which Defendant is not liable or by the acts or omissions of persons or entities for whom or which Defendant is not responsible.

### Nineteenth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exhaust all available

answer3.radcliff(tla)

administrative remedies before commencing this action.

### Twentieth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Plaintiffs have an adequate remedy at law.

### Twenty-first Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Defendant's use, if any, of its lands constitutes a reasonably necessary use of such lands in the conduct of its lawful business operations.

### Twenty-second Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Defendant does not possess the power of eminent domain and, therefore, cannot have inversely condemned Plaintiffs' properties.

### Twenty-Third Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to join indispensable parties.

### Twenty-fourth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because Defendant's conduct, if any, has not disturbed or interfered with Plaintiffs' possessory interests in their properties.

### Twenty-fifth Affirmative Defense

Defendant avers that Plaintiffs' claims are barred in whole or in part because they have suffered no damages and/or have

answer3.radcliff(tla)

failed to mitigate their alleged damages.

### Twenty-sixth Affirmative Defense

Defendant avers that Plaintiffs' claims, if any, for the recovery of punitive damages are barred in whole or in part by *Ala. Code* § 6-11-20 (1975).

### Twenty-seventh Affirmative Defense

Defendant avers that Plaintiffs' claims, if any, for the recovery of punitive damages are barred in whole or in part by *Ala. Code* § 6-11-21 (1975).

### Twenty-eighth Affirmative Defense

Defendant avers that Plaintiffs' claims, if any, for the recovery of punitive damages are barred in whole or in part by *Ala. Code* § 6-11-27 (1975).

### Twenty-ninth Affirmative Defense

Defendant denies that it is guilty of any conduct that would support an award of punitive damages and avers that the imposition of punitive damages against it in this action would violate, jointly and severally, the Fifth, Eighth, Tenth, and Fourteenth Amendments to the Constitution of the United States; Article I, Sections 1, 6, 7, 11, 13, 15, and 22 of the Constitution of Alabama of 1901; and the Federal Common Law.

### Thirtieth Affirmative Defense

Defendant avers that, unless expressly admitted herein, the allegations of the Complaint are denied.

### Thirty-first Affirmative Defense

Defendant reserves the right to delete existing defenses or

answer3.radcliff(tla)

add new defenses as discovery progresses.

WHEREFORE, Defendant Tate & Lyle, having fully answered the allegations of the Complaint and having set forth its defenses thereto, requests that the Complaint be dismissed with prejudice; that Plaintiffs take nothing in this action from Defendant; that the costs of this action be cast upon Plaintiffs; and that Defendant be awarded such other and further relief as the Court deems just and proper, the premises considered.

Dated:  November 20, 2006

Respectfully submitted,

/s/ Halron W. Turner
HALRON W. TURNER (TURNH9339)
MARC E. BRADLEY (BRADM9922)
Turner, Onderdonk, Kimbrough,
  Howell, Huggins & Bradley, PA
Post Office Drawer 1389
Chatom, Alabama 36518
Telephone:  (251) 847-2237
Facsimile:  (251) 847-3115

**Attorneys for Defendant,
  Tate & Lyle Sucralose, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2006, I electronically filed the foregoing document with the Clerk of the Court utilizing the CM/ECF system, which will send notification of such filing to counsel of record as listed below.

/s/ Halron W. Turner
HALRON W. TURNER
Counsel for Defendant

answer3.radcliff(tla)

**Counsel of Record**:

John W. Parker, Esq.
820 S. University Blvd., Suite 2-F
Mobile, Alabama 36609
Telephone:  (251) 341-1020
Facsimile:  (251) 341-1235

Herndon Inge III, Esq.
Post Office Box 40188
Mobile, Alabama 36640
Telephone:  (251) 432-1444
Facsimile:  (251) 432-6941

answer3.radcliff(tla)