IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY L. RADCLIFF, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CA 06-345-CG-M |
| TATE & LYLE SUCRALOSE, INC., | : | |
| Defendant. | : | |
| | : : : | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON
COMMON ISSUES AMONG PLAINTIFFS**

Defendant Tate & Lyle Sucralose, Inc. ("Tate & Lyle"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.2, hereby respectfully moves the Court to grant it summary judgment on all causes of action for all Plaintiffs as alleged in their Fourth Amended Complaint.  In support of this Motion, Tate & Lyle states as follows:

1.  Since April of 2004, Tate & Lyle has owned and operated a plant within McIntosh, Alabama's Industrial Park that manufactures sucralose, a product used in the production of Splenda® (hereinafter "the Plant").  Exhibit A, at ¶ 3.  The production of sucralose involves a variety of chemicals and/or compounds, including dimethylamine ("DMA") and dimethylformamide ("DMF"), among others.  Id. at ¶ 5.

2.  Pursuant to applicable environmental statutes and regulations, Tate & Lyle obtained any and all necessary environmental and operational permits from the Alabama Department of Environmental Management ("ADEM") prior to designing, constructing, expanding and/or operating the Plant.  Id.  Since the commencement of Tate & Lyle's operations in April of 2004, the Plant has been expanded, operated and/or maintained pursuant to and in

accordance with governmental oversight and approval.  Id.  No governmental agency or court of law has cited the McIntosh Plant since April of 2004 for violation of any environmental statute, regulation, environmental or operational permit, or other governing law relating to air or noise emissions.  Id.; Exhibit B at p. 33.

   3. On June 2, 2006, Plaintiffs filed their Original Complaint against Tate & Lyle setting forth causes of action for nuisance, negligence, wantonness, inverse condemnation, and injunctive relief.  (Doc. #1-1).

   4. On December 11, 2006, Plaintiffs filed their most recent and Fourth Amended Complaint alleging the same causes of action but naming additional Plaintiffs.  (Doc. #59).

   5. Plaintiffs allege that Tate & Lyle's Plant operations expose Plaintiffs to obnoxious odors and/or noise, thereby causing the following injuries or damages: "(a) diminution and/or depreciation in value of real estate; (b) physical injury such as sinus, breathing, allergies and pulmonary damage; (c) loss of enjoyment and use of their properties, jointly and severally; (d) loss of sleep; (e) severe emotional stress and mental anguish; and (f) other actual damages that will be provided at trial."  (Doc. #59 at ¶ 27).

   6. In their Rule 26(a) disclosures and/or discovery responses, Plaintiffs (a) identify only themselves as persons with discoverable information regarding their claims and damages, (b) deny they possess any documents, data compilations or tangible things that may be used to support their claims, (c) produce no documentary evidence in support of their claims with the sole exception of some property deeds, two dated appraisals, and signed medical authorizations, (d) provide no computations for any categories of damages claimed, and (e) identify and submit a report from only one expert witness – James R. Montgomery, P.E.  Exhibits D, F, G, H-01 through H-37, J-01 through J-37, L-01, L-02.

7. Montgomery attempted to link Plaintiffs' complaints of obnoxious odor to emissions of DMA and/or DMF from Tate & Lyle's Plant. <u>Exhibit D</u>. However, he was unable to identify any "stack" or "fugitive" Plant emissions of DMA and/or DMF occurring after April of 2004 sufficient enough to exceed the threshold which he suggests creates a potentially odorous or harmful emission. <u>Id.</u>; <u>Exhibit E</u>.

8. The only evidence of Plaintiffs' alleged physical injuries, emotional distress, property diminution and/or loss of use and enjoyment of property are the Plaintiffs' personal, lay opinions. <u>Exhibits D-G, H-01 through H-37, I-01 through I-37</u>. Plaintiffs offer no expert testimony or documentary evidence regarding the proximate cause of any claimed injuries. <u>Id.</u>

9. For each property allegedly suffering a diminished value as a result of Tate & Lyle's Plant operations, Plaintiffs admit that other sources of such property diminution damages exist. <u>Exhibits I-01 through I-37</u>. However, Plaintiffs do not provide any evidence of how or in what manner the independent sources of their alleged property diminution damages combine to cause such damages, other than their personal, lay opinions. <u>Id.</u>

10. Finally, the only scientific evidence developed in this case (by Tate & Lyle's retained expert) regarding the decibel levels for various noise sources at or near Plaintiffs' properties undisputedly establishes that Tate & Lyle's Plant operations are not and cannot be the source of any allegedly intrusive noise heard at Plaintiffs' properties. <u>Exhibit C</u>.

11. The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Dickinson v. Springhill Hosp., Inc.*, 397 F.Supp.2d 1337, 1340-41 (S.D.Ala. 2005). In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." *Id.* The

"complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  The failure by the nonmoving party to make a sufficient showing on an essential element of its action entitles the moving party to judgment as a matter of law. *Id.*

12. Tate & Lyle is entitled to summary judgment on all causes of action by all Plaintiffs for a variety of reasons. First, Plaintiffs' claim for inverse condemnation fails as a matter of law because Plaintiffs have not alleged and cannot establish that Tate & Lyle, a non-governmental entity, has the right or power of condemnation – an essential element for a claim of inverse condemnation. *Ex parte Carter*, 395 So.2d 65 (Ala. 1980); *Cove Props., Inc. v. Walter Trent Marina, Inc.*, 702 So.2d 472 (Ala. Civ. App. 1997).

13. Second, Plaintiffs have absolutely no evidence, let alone substantial evidence as required by Alabama law, of wanton conduct by Tate & Lyle to support their claim of wantonness and/or their request for punitive damages under their nuisance count. *See Rommell v. Auto. Racing Club of Am., Inc.*, 964 F.2d 1090, 1097 (11th Cir. 1992) (Under Alabama law, wanton conduct must be proved by "substantial evidence [or] evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.") (citing *Berry v. Fife*, 590 So.2d 884 (Ala. 1991)).

14. Third, Plaintiffs have no evidence establishing (a) the applicable standard of care for Tate & Lyle's manufacturing operations, or (b) a breach of such standard of care, as required by Alabama law. Therefore, Plaintiffs have no viable claim for negligence. *See Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F.Supp.2d 1275, 1286-87 (M.D.Ala. 2001) (granting summary judgment on plaintiff's negligence claim because plaintiff failed to establish applicable standard of care); *Courtaulds Fibers, Inc. v. Long*, 779 So.2d 198 (Ala. 2000) (noting a court

cannot assume negligence, but a plaintiff must provide sufficient evidence of both the relevant standard of care and a breach thereof by the defendant).

15.     Fourth, Plaintiffs fail to present sufficient evidence on proximate causation of their claimed damages, a necessary element to all of their tort claims.  *Tipler v. McKenzie Tank Lines*, 547 So.2d 438, 440 (Ala. 1989) (granting summary judgment on nuisance claim because no evidence of proximate cause); *Wal-Mart Stores, Inc. v. Langham*, 794 So.2d 1170, 1172 (Ala. Civ. App. 1997) (granting summary judgment on negligence and wantonness claims because no evidence of proximate cause).  Accordingly, Plaintiffs' claims for nuisance, negligence, and wantonness fail as a matter of law.

16.     Fifth, Plaintiffs fail to establish that Tate & Lyle acted under circumstances of insult or contumely, or placed Plaintiffs in a "zone of danger," as required for their claims of emotional distress.  *Wal-Mart Stores, Inc. v. Bowers,* 752 So.2d 1201, 1204 (Ala. 1999) (damages for mental anguish are not recoverable in tort where the tort results in mere injury to property unless the damage to property is committed under circumstances of insult or contumely); *Hardesty v. CPRM Corp.*, 391 F.Supp.2d 1067, 1073 (M.D.Ala. 2005) (describing Alabama's "zone of danger" for purposes of recovering emotional distress damages in cases of negligence).

17.     Sixth, because Plaintiffs have no actionable claim for nuisance (or any other tort), their count for injunctive relief fails as a matter of law.  *See Davis v. Hanson Aggregates Southeast, Inc.*, 952 So.2d 330, 338-39 (Ala. 2006).

18.     Finally, to the extent Tate & Lyle is not granted summary judgment as to all claims, Plaintiffs' recoverable damages (if any) are limited to those occurring within the two years preceding the filing of Plaintiffs' Complaint – or since June 2, 2004 –  pursuant to the

continuing tort doctrine. *See AC, Inc. v. Baker*, 622 So.2d 331, 335 (Ala. 1993) (citation omitted); ALA. CODE § 6-2-38(l).

19. In further support of this Motion, Tate & Lyle submits herewith and fully incorporates herein its Memorandum in Support of this Motion for Summary Judgment on Common Issues Among Plaintiffs.

WHEREFORE, for all of the reasons stated herein, as well as in the Memorandum in Support of this Motion, Defendant Tate & Lyle Sucralose, Inc. respectfully requests that this Court grant judgment in its favor on all counts alleged in Plaintiffs' Fourth Amended Complaint, as set forth in further detail in Tate & Lyle's Memorandum in Support of this Motion.

Dated: February 19, 2008

Respectfully submitted,

   /s/ Halron W. Turner
HALRON W. TURNER (TURNH9339)
MARC E. BRADLEY (BRADM9922)
Turner, Onderdonk, Kimbrough,
 Howell, Huggins & Bradley, PA
Post Office Drawer 1389
Chatom, Alabama 36518
Telephone: (251) 847-2237
Facsimile: (251) 847-3115

**And**

MICHAEL H. WETMORE (*pro hac vice*)
WILLIAM J. CURTIS (*pro hac vice*)
ROBYN D. BUCK (*pro hac vice*)
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
Saint Louis, Missouri 63105
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505

**Attorneys for Defendant,
  Tate & Lyle Sucralose, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2008, I electronically filed the foregoing document with the Clerk of the Court utilizing the CM/ECF system, which will send notification of such filing to counsel of record as listed below.


   /s/ Halron W. Turner
HALRON W. TURNER
Counsel for Defendant

**Counsel of Record**:

John W. Parker, Esq.
820 S. University Blvd., Suite 2-F
Mobile, Alabama 36609
Telephone:  (251) 341-1020
Facsimile:  (251) 341-1235

Herndon Inge III, Esq.
Post Office Box 40188
Mobile, Alabama 36640
Telephone:  (251) 432-1444
Facsimile:  (251) 432-6941