IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY L. RADCLIFF, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CA 06-345-CG-M |
| TATE & LYLE SUCRALOSE, INC., | : | |
| Defendant. | : | |
| | : : : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INDIVIDUAL ISSUES AMONG PLAINTIFFS**

Defendant Tate & Lyle Sucralose, Inc. ("Tate & Lyle"), by and through its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7.1 and 7.2, respectfully submits this memorandum in support of its motion for summary judgment on individuals issues among Plaintiffs.

**INTRODUCTION**

If this Court grants anything less than full summary judgment in favor of Tate & Lyle on all claims for all Plaintiffs, as requested in Tate & Lyle's common issues summary judgment papers, in addition to any partial summary judgment in favor of Tate & Lyle on common issues among Plaintiffs, Tate & Lyle is entitled to partial summary judgment on certain claims of individual Plaintiffs, as described below.

First, fifteen (15) Plaintiffs have no claims for personal injury and/or emotional distress because they admit to suffering no such injuries and/or have no evidence of such injuries. Second, five (5) Plaintiffs have no claims for property diminution either because (a) they lack any evidence of such damages, including even their own personal opinions, and/or (b) they do

not own or did not own it at the time of filing their complaint the property for which they seek such damages, and therefore lack the requisite standing to pursue such claims. Finally, three (3) Plaintiffs have no claims for nuisance based on noise allegedly coming from Tate & Lyle's Plant because they admit that any such noise does not bother, annoy or otherwise interfere with the use and enjoyment of their properties.

## STATEMENT OF UNDISPUTED FACTS

Since April of 2004, Tate & Lyle has owned and operated a plant within McIntosh, Alabama's Industrial Park that manufactures sucralose, a product used in the production of Splenda® (hereinafter "the Plant"). Exhibit A at ¶ 3. Plaintiffs filed suit against Tate & Lyle on June 2, 2006, alleging causes of action for inverse condemnation, nuisance, negligence, wantonness and injunctive relief. *See* Original Complaint (Doc. #1-1). Specifically, Plaintiffs allege that Tate & Lyle's Plant operations expose Plaintiffs to obnoxious odors and/or noise, thereby causing the following injuries or damages: "(a) diminution and/or depreciation in value of real estate; (b) physical injury such as sinus, breathing, allergies and pulmonary damage; (c) loss of enjoyment and use of their properties, jointly and severally; (d) loss of sleep; (e) severe emotional stress and mental anguish; and (f) other actual damages that will be provided at trial." *See* Fourth Amended Complaint ("Complaint") (Doc. #59, at ¶ 27).[1]

Despite the allegations in the Complaint, many Plaintiffs do not allege and/or cannot establish many of these claimed injuries. For instance, Plaintiffs Timothy Barnes, Laurina Law, Bernice Pressley, and Malanda Reed deny having any physical injuries or medical problems allegedly caused by the operation of Tate & Lyle's Plant. Exhibit I-05 at p. 79:12-19 (Timothy

---

[1] The substantive allegations, causes of action, and claimed damages have remained the same throughout the various amended complaints. The only significant difference among the complaints is the naming of additional Plaintiffs. (Docs. #1-1 and #59).

Barnes); Exhibit I-11 at p. 88:9-14 (Laurina Law); Exhibit I-16 at p. 57:15 – 60:17 (Bernice Pressley); Exhibit I-25 at p. 54:21 – 58:12 (Malanda Reed).  Similarly, Plaintiffs Billie Barnes, Timothy Barnes, Diane McKenzie, Bernice Pressley, Lawrence Pressley, Lloyd Pressley, Bobby Radcliff III, Bobby Radcliff, Jr., Linda Reed, Malanda Reed, Robert Reed, John Sullivan, Jr., Anthony Witherspoon and Anthony Witherspoon, Jr. deny suffering any mental anguish or emotional distress as a result of Tate & Lyle's Plant operations.  Exhibit I-04 at p. 75:7-10 (Billie Barnes) (first transcript); Exhibit I-05 at p. 82:22 – 83:2 (Timothy Barnes); Exhibit I-13 at p. 67:16-19 (Dianne McKenzie); Exhibit I-16 at p. 61:2-8 (Bernice Pressley); Exhibit I-18 at p. 143:4-17 (Lawrence Pressley); Exhibit I-19 at p. 70:13-17 (Lloyd Pressley); Exhibit I-20 at 25:15-21 (Bobby Radcliff, III); Exhibit I-21 at p. 75:19-22 (Bobby Radcliff, Jr. ); Exhibit I-24 at 74:14-20 (Linda Reed); Exhibit I-25 at p. 58:13-22 (Malanda Reed); Exhibit I-26 at p. 98:13 – 99:1 (Robert Reed); Exhibit I-29 at p. 53:3-9 (John Sullivan, Jr.); Exhibit I-36 at p. 101:14-21 (Anthony Witherspoon); Exhibit H-35 at p. 1; Exhibit I-36 p. 107:2-6 (Anthony Witherspoon on behalf of Anthony Witherspoon, Jr.).

     Regarding property damage, Plaintiff Billie Barnes testified that Tate & Lyle's Plant operations have not affected the value of her mobile home, *i.e.* she opines that the value of her mobile home is the same with or without regard to Tate & Lyle's operations.  Exhibit I-04 at 70:8-20 (first transcript).  Also, Ms. Barnes did not acquire, and therefore did not own, the land on which her mobile home sits until May 2, 2007, or five months after she joined this lawsuit as a Plaintiff.  (Doc. #50, 51 and 59); Exhibit I-04 at p. 27:4 – 28:20 (first transcript); Exhibit I-04 at p. 6:17 – 7:15 (second transcript).

     Plaintiff Anita Hicks owns her trailer but not the land on which it sits.  Exhibit I-06 at p. 13:13-23.  Moreover, Ms. Hicks does not know the value of her trailer, either with or without

regard to the operations of Tate & Lyle's Plant, and did not know and had no opinion or evidence as to whether Tate & Lyle's Plant operations damaged or devalued her trailer in any way.  Id. at p. 59:2-5, 60:11-19.

Plaintiff Spencer Lang owns his mobile home but did not acquire the deed to the land on which it sits until sometime between December 21, 2006 and January 9, 2007, well after he filed suit.  Exhibit I-10 at p. 8:4 – 11:15 (second transcript).  Moreover, he did not know and had no opinion or evidence as to whether Tate & Lyle's Plant operations damaged or devalued the land in any way.  Id.

Plaintiff Bernice Pressley had no opinion whether Tate & Lyle's Plant operations diminished the value of her property, nor could she provide any information regarding the value of her property.  Exhibit I-16 at p. 49:14 – 50:10, 51:17-22.

Finally, Plaintiff Bobby Radcliff, Jr. owns his mobile home but did not acquire the deed to the property on which it sits until April 4, 2006.  Exhibit I-21 at p. 24:20 – 25:5.  However, he opines that the entire property – the land and the mobile home – has been devalued by Tate & Lyle's Plant operations since April of 2004.  Id. at 62:8 – 63:5.  Thus, he claims property diminution damages for a timeframe during which he did not own this property.

Regarding their claims of nuisance based on noise, Plaintiffs Bernice Pressley, Jamya Radcliff and Broderick Sullivan, Jr. each testified that they were not bothered, annoyed or otherwise interfered with in the use and enjoyment of their properties by any noise allegedly coming from Tate & Lyle's Plant.  *See* Exhibit I-16 at p. 44:17-23 (Bernice Pressley); Exhibit I-23 at p. 18:23 – 19:5 (Jamya Radcliff); Exhibit I-28 at p. 20:11-18 (Broderick Sullivan, Jr.).

**ARGUMENT**

I.   **Standard Of Review**

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986)). "Consideration of a summary judgment motion does not lessen the burdens on the non-moving party: the non-moving party still bears the burden of coming forward with sufficient evidence on *each element* that must be proved." *Earley*, 907 F.2d at 1080 (emphasis in original) (citation omitted). "[I]f on any part of the *prima facie* case there would be insufficient evidence to require submission of the case to a jury, we must affirm the grant of summary judgment [for the defendant]." *Id.* (citation omitted).

II.   **Tate & Lyle Is Entitled To Summary Judgment On All Claims For Personal Injury And/Or Emotional Distress By Plaintiffs Billie Barnes, Timothy Barnes, Laurina Law, Dianne McKenzie, Bernice Pressley, Lawrence Pressley, Lloyd Pressley, Bobby Radcliff III, Bobby Radcliff, Jr., Linda Reed, Malanda Reed, Robert Reed, John Sullivan, Jr., Anthony Witherspoon, and Anthony Witherspoon, Jr. Because They Do Not Allege And/Or Have No Evidence Of Such Injuries.**

In order to satisfy their burden of proof and establish *prima facie* tort causes of action, Plaintiffs must prove damages or injury. *See Ala. Dept. of Corr. v. Thompson*, 855 So. 2d 1016, 1022 (Ala. 2003) (for negligence, plaintiff must prove that she suffered damages); *Alfa Mutual Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998) (for wantonness, plaintiff must show injury); *Tipler v. McKenzie Tank Lines*, 547 So. 2d 438, 440 (Ala. 1989) (for nuisance, plaintiff must prove damage). Because certain Plaintiffs do not allege and/or cannot prove physical injuries and/or emotional distress damages, Tate & Lyle is entitled to summary judgment on any

and all tort claims brought by these Plaintiffs to the extent they seek to recover for such alleged injuries or damages.

### A. Physical Injuries

As noted, four Plaintiffs allege that they have not suffered any physical injuries or medical problems as a result of Tate & Lyle's Plant operations – Timothy Barnes, Laurina Law, Bernice Pressley, and Malanda Reed.  Exhibit I-05 at p. 79:12-19; Exhibit I-11 at p. 88:9-14; Exhibit I-16 at p. 57:15 – 60:17; Exhibit I-25 at p. 54:21 – 58:12.  Because these Plaintiffs do not allege and have no evidence of any personal injuries or medical problems allegedly caused by Tate & Lyle's Plant operations, Tate & Lyle is entitled to summary judgment on any and all claims for personal injury made by these four Plaintiffs.

### B. Emotional Distress

Without any physical injuries, and for all of the reasons set forth in Section VI of Tate & Lyle's common issues summary judgment memorandum, Plaintiffs Timothy Barnes, Laurina Law, Malanda Reed, and Bernice Pressley have no basis for the recovery of any emotional distress damages.  *See* Tate & Lyle's Memorandum in Support of Motion for Summary Judgment on Common Issues, Section VI (noting that without physical injury, emotional distress damages may be recovered only if Plaintiffs show circumstances of malice, insult or contumely, or a "zone of danger," if based on Tate & Lyle's alleged negligence, and further noting that Plaintiffs lack any evidence of either situation).  Accordingly, Tate & Lyle is entitled to summary judgment on any and all claims for emotional distress brought by these four Plaintiffs.

Additionally, Plaintiffs Billie Barnes, Timothy Barnes, Dianne McKenzie, Bernice Pressley, Lawrence Pressley, Lloyd Pressley, Bobby Radcliff III, Bobby Radcliff, Jr., Linda Reed, Malanda Reed, Robert Reed, John Sullivan, Jr., Anthony Witherspoon and Anthony

Witherspoon, Jr. deny suffering any mental anguish or emotional distress as a result of Tate & Lyle's Plant operations.  Exhibit I-04 at p. 75:7-10 (first transcript); Exhibit I-05 at p. 82:22 – 83:2; Exhibit I-13 at p. 67:16-19; Exhibit I-16 at p. 61:2-8; Exhibit I-18 at p. 143:4-17; Exhibit I-19 at p. 70:13-17; Exhibit I-20 at 25:15-21; Exhibit I-21 at p. 75:19-22; Exhibit I-24 at 74:14-20; Exhibit I-25 at p. 58:13-22; Exhibit I-26 at p. 98:13 – 99:1; Exhibit I-29 at p. 53:3-9; Exhibit I-36 at p. 101:14-21; Exhibit H-35 at p. 1; Exhibit I-36 at p. 107:2-6.  Because these Plaintiffs do not allege and have no evidence of any mental anguish or emotional distress allegedly caused by Tate & Lyle's Plant operations, Tate & Lyle is entitled to summary judgment on any and all claims for mental anguish and/or emotional distress made by these Plaintiffs.

**III.     Tate & Lyle Is Entitled To Summary Judgment On Claims For Property Diminution By Plaintiffs Billie Barnes, Anita Hicks, Bernice Pressley, Spencer Lang And Bobby Radcliff, Jr. Because They Do Not Seek Such Damages, Did Not And/Or Do Not Own The Property For Which They Seek Such Damages, Or Have No Evidence Of Such Damages.**

As noted, Plaintiffs Billie Barnes, Anita Hicks, and Bernice Pressley each testified that Tate & Lyle's Plant operations have not affected the value of her property, *i.e.* each opines that the value of her property is the same with or without regard to Tate & Lyle's operations, and/or could not offer any evidence as to the value of their property.  Exhibit I-04 at 70:8-20 (first transcript); Exhibit I-06 at p. 59:2-5, 60:11-19; Exhibit I-16 at p. 49:14 – 50:10, 51:17-22.  Accordingly, Tate & Lyle is entitled to summary judgment on any and all claims by Plaintiffs Billie Barnes, Anita Hicks, and Bernice Pressley for the alleged diminution in value of their mobile homes.

Also, Billie Barnes, Anita Hicks, and Spencer Lang either do not own or did not own at the time of filing their Complaint the land on which their respective trailers or mobile homes sit. (Doc. #50, 51 and 59); Exhibit I-04 at p. 27:4 – 28:20 (first transcript); Exhibit I-04 at p. 6:17 –

7:15 (second transcript); Exhibit I-06 at p. 13:13-23; Exhibit I-10 at p. 8:4 – 11:15 (second transcript).  Thus, these Plaintiffs do not or did not have a legally protected ownership interest in their land at the time of filing their complaint and lack standing to recover for any alleged decrease in the value of their land.  *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005) (Article III standing requires invasion of legally protected interest); *Beasley v. AL State Univ.*, 3 F.Supp.2d 1325, 1343-44 (M.D.Ala. 1998) (Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation, so that plaintiff must establish that she had standing to assert her claim when she first filed suit, and that the controversy concerning this claim has survived until the summary judgment stage).

Moreover, as non-landowners, these Plaintiffs cannot offer any testimony regarding the value of the land or any alleged diminution thereof.  *See, e.g., E-Z Serve Convenience Store, Inc. v. State,* 686 So.2d 351, 353 (Ala. Civ. App. 1996) (lessee of property was entitled to offer opinion about and recover damages for leasehold interest in property only, not underlying freehold interest); *Gregath v. Bates*, 359 So.2d 404, 407 (Ala. Civ. App. 1978) ("The general rule in Alabama is that an *owner* of real property may testify to the value of such property without other qualifications.  This rule is premised on the basis that the fact of *ownership* renders the owner competent to testify to such value.  However, this general rule does not extend the ability of the witness to testify as to the value of another person's property absent a showing of expert qualifications.") (citation omitted) (emphasis added).  Accordingly, these Plaintiffs have no admissible evidence on the value of any land which they might now own and therefore Tate & Lyle is entitled to summary judgment on any and all claims for diminution in land value brought by Plaintiffs Billie Barnes, Anita Hicks, and Spencer Lang.

Finally, Bobby Radcliff, Jr. did not own the land on which his trailer sits during most of the limitations period within which any damages may be recovered.  *See* Tate & Lyle's Memorandum in Support of Motion for Summary Judgment on Common Issues, Section VIII (noting any recoverable damages must be limited to the two years preceding the Complaint); Exhibit I-21 at p. 24:20 – 25:5.  As a non-owner of the land prior to April of 2006, Mr. Radcliff is prohibited from testifying as to any alleged diminution in his land occurring prior to April of 2006, and his recovery for the alleged diminution in value of his land, if any, is limited to any such damages occurring within the time period of April 2006 to June 2006 (the time from when he owned the land to the date of filing the Complaint).

**IV.    Tate & Lyle Is Entitled To Summary Judgment On Claims Of Nuisance Caused By Noise Brought By Plaintiffs Bernice Pressley, Jamya Radcliff, and Broderick Sullivan, Jr. Because They Do Not Allege And Have No Evidence Of Such Injuries.**

As noted, Plaintiffs Bernice Pressley, Jamya Radcliff and Broderick Sullivan, Jr. each testified that they were not bothered, annoyed or otherwise interfered with in the use and enjoyment of their properties by any noise allegedly coming from Tate & Lyle's Plant.  Exhibit I-16 at p. 44:17-23; Exhibit I-23 at p. 18:23 – 19:5; Exhibit I-28 at p. 20:11-18.  Accordingly, Tate & Lyle is entitled to summary judgment on any claims for nuisance allegedly caused by noise brought by these three Plaintiffs.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant Tate & Lyle Sucralose, Inc. respectfully requests that this Court grant it summary judgment on Plaintiffs' Fourth Amended Complaint as to the individual Plaintiffs and/or their individual causes of action as set forth above, and for such further relief as this Court deems equitable and just.

Dated:  February 19, 2008

Respectfully submitted,

　　/s/ Halron W. Turner
HALRON W. TURNER (TURNH9339)
MARC E. BRADLEY (BRADM9922)
Turner, Onderdonk, Kimbrough,
　Howell, Huggins & Bradley, PA
Post Office Drawer 1389
Chatom, Alabama 36518
Telephone:  (251) 847-2237
Facsimile:  (251) 847-3115

**And**

MICHAEL H. WETMORE (*pro hac vice*)
WILLIAM J. CURTIS (*pro hac vice*)
ROBYN D. BUCK (*pro hac vice*)
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
Saint Louis, Missouri 63105
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505

**Attorneys for Defendant,
　Tate & Lyle Sucralose, Inc.**

# CERTIFICATE OF SERVICE

　　I hereby certify that on February 19, 2008, I electronically filed the foregoing document with the Clerk of the Court utilizing the CM/ECF system, which will send notification of such filing to counsel of record as listed below.

　　/s/ Halron W. Turner
HALRON W. TURNER
Counsel for Defendant

**Counsel of Record**:

John W. Parker, Esq.
820 S. University Blvd., Suite 2-F
Mobile, Alabama 36609
Telephone:  (251) 341-1020
Facsimile:  (251) 341-1235

Herndon Inge III, Esq.
Post Office Box 40188
Mobile, Alabama 36640
Telephone:  (251) 432-1444
Facsimile:  (251) 432-6941