IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY L. RADCLIFF, *et al.*, | : | |
|     Plaintiffs, | : | |
| v. | : | CA 06-345-CG-M |
| TATE & LYLE SUCRALOSE, INC., | : | |
|     Defendant. | : | |
| | :    :    : | |

**SUGGESTED DETERMINATIONS OF UNDISPUTED FACT, CONCLUSIONS OF LAW AND [PROPOSED] ORDER OF JUDGMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INDIVIDUAL ISSUES AMONG PLAINTIFFS**

Defendant Tate & Lyle Sucralose, Inc. ("Tate & Lyle"), pursuant to Local Rule 7.2, hereby respectfully submits the following Suggested Determinations of Undisputed Fact and Conclusions of Law with its Proposed Order of Judgment on Plaintiffs' Fourth Amended Complaint in Support of its Motion for Summary Judgment on Individual Issues Among Plaintiffs:

**Findings of Facts**

1. On June 2, 2006, Plaintiffs filed their Original Complaint against Tate & Lyle setting forth causes of action for inverse condemnation, nuisance, negligence, wantonness and injunctive relief. (Doc. #1-1).

2. On December 11, 2006, Plaintiffs filed their most recent and Fourth Amended Complaint alleging the same causes of action but naming additional Plaintiffs. (Doc. #59).

3. Plaintiffs allege that Tate & Lyle's Plant operations expose Plaintiffs to obnoxious odors and/or noise, thereby causing the following injuries or damages: "(a) diminution and/or depreciation in value of real estate; (b) physical injury such as sinus,

breathing, allergies and pulmonary damage; (c) loss of enjoyment and use of their properties, jointly and severally; (d) loss of sleep; (e) severe emotional stress and mental anguish; and (f) other actual damages that will be provided at trial." (Doc. #59 at ¶ 27).

4. Despite the allegations in the Complaint, Plaintiffs Timothy Barnes, Laurina Law, Bernice Pressley, and Malanda Reed deny having any physical injuries or medical problems as a result of Tate & Lyle's Plant operations. Exhibit I-05 at p. 79:12-19; Exhibit I-11 at p. 88:9-14; Exhibit I-16 at p. 57:15 – 60:17; Exhibit I-25 at p. 54:21 – 58:12.

5. Similarly, Plaintiffs Billie Barnes, Timothy Barnes, Dianne McKenzie, Bernice Pressley, Lawrence Pressley, Lloyd Pressley, Bobby Radcliff III, Bobby Radcliff, Jr., Linda Reed, Malanda Reed, Robert Reed, John Sullivan, Jr., Anthony Witherspoon and Anthony Witherspoon, Jr. deny suffering any mental anguish or emotional distress as a result of Tate & Lyle's Plant operations. Exhibit I-04 at p. 75:7-10 (first transcript); Exhibit I-05 at p. 82:22 – 83:2; Exhibit I-13 at p. 67:16-19; Exhibit I-16 at p. 61:2-8; Exhibit I-18 at p. 143:4-17; Exhibit I-19 at p. 70:13-17; Exhibit I-20 at 25:15-21; Exhibit I-21 at p. 75:19-22; Exhibit I-24 at 74:14-20; Exhibit I-25 at p. 58:13-22; Exhibit I-26 at p. 98:13 – 99:1; Exhibit I-29 at p. 53:3-9; Exhibit I-36 at p. 101:14-21; Exhibit H-35 at p. 1; Exhibit I-36 at p. 107:2-6.

6. Regarding alleged property diminution damages, Plaintiff Billie Barnes testified that Tate & Lyle's Plant operations have not affected the value of her mobile home, *i.e.* she opines that the value of her mobile home is the same with or without regard to Tate & Lyle's operations. Exhibit I-04 at 70:8-20 (first transcript). Also, Ms. Barnes did not acquire, and therefore did not own, the land on which her mobile home sits until May 2, 2007, or five months after she joined this lawsuit as a Plaintiff. (Doc. #50, 51 and 59); Exhibit I-04 at p. 27:4 – 28:20 (first transcript); Exhibit I-04 at p. 6:17 – 7:15 (second transcript).

7. Plaintiff Anita Hicks owns her trailer but not the land on which it sits. Exhibit I-06 at p. 13:13-23. Moreover, Ms. Hicks does not know the value of her trailer, either with or without regard to the operations of Tate & Lyle's Plant, and does not know and has no opinion or evidence as to whether Tate & Lyle's Plant operations have damaged or devalued her trailer in any way. Id. at p. 59:2-5, 60:11-19.

8. Plaintiff Spencer Lang owns his mobile home but did not acquire the deed to the land on which it sits until sometime between December 21, 2006 and January 9, 2007, well after he filed suit. Exhibit I-10 at p. 8:4 – 11:15 (second transcript). Moreover, he does not know and has no opinion or evidence as to whether Tate & Lyle's Plant operations have damaged or devalued his land in any way. Id.

9. Plaintiff Bernice Pressley has no opinion whether Tate & Lyle's Plant operations have diminished the value of her property, nor can she provide any information regarding the value of her property. Exhibit I-16 at p. 49:14 – 50:10, 51:17-22.

10. Plaintiff Bobby Radcliff, Jr. owns his mobile home but did not acquire the deed to the land on which it sits until April 4, 2006. Exhibit I-21 at p. 24:20 – 25:5. However, he opines that the entire property – the land and the mobile home – has been devalued by Tate & Lyle's Plant operations since April of 2004. Id. at 62:8 – 63:5. Thus, he claims property diminution damages for a timeframe during which he did not own this property.

11. Regarding their claims of nuisance based on noise, Plaintiffs Bernice Pressley, Jamya Radcliff and Broderick Sullivan, Jr. each testified that they were not bothered, annoyed or otherwise interfered with in the use and enjoyment of their properties by any noise allegedly coming from Tate & Lyle's Plant. Exhibit I-16 at p. 44:17-23; Exhibit I-23 at p. 18:23 – 19:5; Exhibit I-28 at p. 20:11-18.

**Conclusions of Law**

12.     "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986)).

13.     "Consideration of a summary judgment motion does not lessen the burdens on the non-moving party: the non-moving party still bears the burden of coming forward with sufficient evidence on *each element* that must be proved." *Earley*, 907 F.2d at 1080 (emphasis in original) (citation omitted). "[I]f on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury, we must affirm the grant of summary judgment [for the defendant]." *Id.* (citation omitted).

**A.  Lack of necessary physical injury or emotional distress damages**

14.     In order to establish *prima facie* causes of action for negligence, wantonness and/or nuisance, Plaintiffs must prove damages. *See Ala. Dept. of Corr. v. Thompson*, 855 So. 2d 1016, 1022 (Ala. 2003) (for negligence, plaintiff must prove that she suffered damages); *Alfa Mutual Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998) (for wantonness, plaintiff must show injury); *Tipler v. McKenzie Tank Lines*, 547 So. 2d 438, 440 (Ala. 1989) (for nuisance, plaintiff must prove damage).

15.     Tate & Lyle is entitled to summary judgment on any and all tort claims seeking damages for physical injury by Plaintiffs Timothy Barnes, Laurina Law, Bernice Pressley, and Malanda Reed because they do not allege and cannot establish the necessary element of a physical injury as a result of Tate & Lyle's Plant operations. Exhibits I-04, I-11, I-16, I-25.

16. Tate & Lyle also is entitled to summary judgment on any and all tort claims seeking damages for emotional distress or mental anguish by Plaintiffs Billie Barnes, Timothy Barnes, Dianne McKenzie, Bernice Pressley, Lawrence Pressley, Lloyd Pressley, Bobby Radcliff III, Bobby Radcliff, Jr., Linda Reed, Malanda Reed, Robert Reed, John Sullivan, Jr., Anthony Witherspoon, and Anthony Witherspoon, Jr. because they do not allege and cannot establish the necessary element of emotional distress or mental anguish as a result of Tate & Lyle's Plant operations.  Exhibits H-35, I-04, I-05, I-13, I-16, I-18, I-19, I-20, I-21, I-24, I-25, I-26, I-29, I-36.

**B.  Lack of standing and/or evidence as to property diminution claims**

17. Like their claims for physical injury and/or emotional distress, in order to recover damages for any alleged property diminution, Plaintiffs must prove that they suffered such damages.  *Supra* at ¶ 14.

18. Tate & Lyle is entitled to summary judgment on any and all claims for property diminution brought by Plaintiffs Billie Barnes, Anita Hicks, and Bernice Pressley because they fail to offer any evidence establishing (a) the value of their properties or any alleged diminution thereof, and (b) that any alleged diminution was caused by Tate & Lyle's Plant operations. Exhibits I-04, I-06, I-16.

19. To have Article III standing, Plaintiffs must prove invasion of a legally protected interest at all relevant times.  *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005) (Article III standing requires invasion of legally protected interest); *Beasley v. AL State Univ.*, 3 F.Supp.2d 1325, 1343-44 (M.D.Ala. 1998) (Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation, so that plaintiff must establish that she had standing to assert her claim when she first filed suit, and that the controversy concerning this claim has survived until the summary judgment stage).

20.     Also, non-landowners cannot opine as to the value of land, or any alleged diminution thereof.  *See, e.g., E-Z Serve Convenience Store, Inc. v. State,* 686 So.2d 351, 353 (Ala. Civ. App. 1996) (lessee of property was entitled to offer opinion about and recover damages for leasehold interest in property only, not underlying freehold interest); *Gregath v. Bates*, 359 So.2d 404, 407 (Ala. Civ. App. 1978) ("The general rule in Alabama is that an *owner* of real property may testify to the value of such property without other qualifications.  This rule is premised on the basis that the fact of *ownership* renders the owner competent to testify to such value.  However, this general rule does not extend the ability of the witness to testify as to the value of another person's property absent a showing of expert qualifications.") (citation omitted) (emphasis added).

21.     Tate & Lyle is entitled to summary judgment on any and all claims for real property diminution brought by Plaintiffs Billie Barnes, Anita Hicks, and Spencer Lang because they do not own or did not own at the time of filing their Complaint the land for which they claim damages for property diminution.  <u>Exhibits I-04, I-06, I-10</u>.  Therefore, they lack the requisite Article III standing to recover such damages.  Moreover, as non-landowners, they cannot offer any opinion evidence as to the value of such land, or any alleged diminution thereof during the relevant limitations period.  Having no admissible evidence of any alleged diminution in value, Tate & Lyle is entitled to summary judgment on these Plaintiffs' claims for diminution in real property.

22.     Tate & Lyle is entitled to summary judgment on any and all claims for real property diminution brought by Plaintiff Bobby Radcliff, Jr. to the extent he seeks any such damages occurring prior to April 2006 when he acquired the land on which his trailer sits.

Exhibit I-21. Moreover, as a non-landowner prior to April 2006, he cannot offer any opinion evidence as the value of such land prior to this time, or any alleged diminution thereof.

### C.  Lack of unreasonable interference in use and enjoyment of property caused by noise

23.   To recover in nuisance under Alabama law, Plaintiffs must show that they suffered harm or inconvenience that would injure a reasonable man.  *Tipler*, 547 So. 2d at 440.

24.   Tate & Lyle is entitled to summary judgment on any and all claims for nuisance based on noise brought by Plaintiffs Bernice Pressley, Jamya Radcliff and Broderick Sullivan, Jr. because these Plaintiffs do not allege and offer no evidence that any noise allegedly stemming from Tate & Lyle's Plant unreasonably interfered with their use and enjoyment of their properties.  Exhibits I-16, I-23, I-28.

### Order and Judgment

WHEREFORE, for all of the foregoing reasons, this Court hereby GRANTS summary judgment in favor of Tate & Lyle on Plaintiffs' Fourth Amended Complaint as set forth in the manner above.

DONE and ORDERED this _____ day of _____ 2008.

_____
CALLIE V. S. GRANADE
Chief United States District Judge