IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOBBY J. RADCLIFF, et al.,**       ) | |
|                                                 ) | |
|     **Plaintiffs,**                     ) | |
|                                                 ) | |
| v.                                                   ) | Civil Action No. 06-0345-CG-M |
|                                                   ) | |
| **TATE & LYLE SUCRALOSE, INC.,**     ) | |
|                                                   ) | |
|     **Defendant.**                    ) | |

**ORDER**

This matter comes before the court on the defendant's, Tate & Lyle Sucralose, Inc. ("Tate & Lyle" or "defendant"), two motions for summary judgment, the plaintiffs' combined response, and the defendant's reply. (Docs. 141-47 and 160-63). For the reasons set forth below, the motions are **GRANTED in part and DENIED in part**.

**I.     THE COMPLAINT AND JURISDICTION**

The plaintiffs filed their current complaint on December 11, 2006 (the "Complaint"). (Doc. 59). The five-count Complaint is brought against Tate & Lyle[1] on behalf of numerous plaintiffs.[2] In broad strokes, the plaintiffs allege that Tate & Lyle owns a plant that operates near

---

[1]The plaintiffs initially sued three fictitiously-named defendants along with Tate & Lyle. (Doc. 1). Although Magistrate Judge Milling struck the fictitiously-named defendants early in the litigation (Doc. 11, p. 6, ¶ 15), the current complaint still lists them as parties. (Doc. 59, p. 5, ¶ 20). Despite continuing to list the fictitiously-named defendants as parties in their current complaint, the plaintiffs apparently are not pursuing claims against those parties. (Doc. 168, p. 4).

[2]Some of the plaintiffs have been dismissed. (Docs. 62 (Bobby McKenzie, Jr.), 65 (Labresha Henderson and Barbara Henderson), 73 (Nathaniel Sullivan), 83 (Syenteria Reed), 99 (Vonceil Pressley Neal), 101 (Trenesa Chapman), 103 (Leo Reed and Justin Reed), 126 (Jada S. Lang)).

"the Plaintiffs' residences without a buffer or any effective separation." (Doc. 59, p. 5, ¶ 22). The plant allegedly exposes "the Plaintiffs and their homeplace to noxious odors, fumes, gases, chemicals and noise." (Doc. 59, p. 6, ¶ 24). The plaintiffs complain that "[t]he noises and odor . . . are constant, annoying, unpleasant, obnoxious and disturbing to the Plaintiffs," causing the plaintiffs certain damages. (Doc. 59, p. 6, ¶ 24).

Count One alleges that the defendant's actions support a claim for recovery under the tort of continuous nuisance. (Doc. 59, pp. 6-7, ¶ 27). Count Two alleges that the defendant's actions are negligent. (Doc. 59, p. 8, ¶ 30). Count Three alleges that the defendant's acts are wanton. (Doc. 59, p. 10, ¶ 33). Count Four alleges that the defendant inversely condemned the plaintiffs' properties without paying the plaintiffs just compensation. (Doc. 59, p. 12, ¶ 37). Finally, Count Five asks for injunctive relief. Counts One and Three seek punitive as well as compensatory damages. (Doc. 59, p. 7, ¶ 28; Doc. 59, p. 11, ¶ 35).

No party disputes personal jurisdiction or venue. At the court's behest, the parties filed briefs specifically addressing federal subject matter jurisdiction. (Docs. 164, 168, and 169). The court finds that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1367.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant bears "the initial burden to show the district court, by reference to materials on file, that

there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

> As the Eleventh Circuit succinctly explained:
>
> A factual dispute is genuine only if "a reasonable jury could return a verdict for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (citation omitted). The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the district court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Info. Sys. and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224-25 (11th Cir. 2002). The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817 (1995).

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." Ryan v. Int'l Union of Operating Engrs, Local 675, 794 F.2d 641, 643 (11th Cir. 1986). There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994)(citing Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 269 (7th Cir. 1986)), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

Id. at 599. The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S.

3

317, 323 (1986).  The failure by the nonmoving party to make a sufficient showing on an essential element of its action entitles the moving party to judgment as a matter of law.  Id.

The court will set out the facts as they become relevant during the course of the order.

### III. THE MOTION IS GRANTED AS TO COUNTS TWO, THREE, AND FOUR, AND AS TO THE CLAIM FOR PUNITIVE DAMAGES.

As explained above, "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Resolution Trust, 43 F.3d at 599.  Tate & Lyle advances arguments in favor of summary judgment on all five of the enumerated claims for relief that the plaintiffs articulate in their complaint.  The plaintiffs' response focuses on rebutting Tate & Lyle's arguments in favor of summary judgment on Count One for nuisance but does not address the arguments that Tate & Lyle raises in favor of summary judgment on Count Two for negligence, Count Three for wantonness, the claims for punitive damages, or Count Four for inverse condemnation.  The motion for summary judgment is therefore **GRANTED** on Count Two, Count Three, the claim for punitive damages, and Count Four because those claims are abandoned.  In addition, summary judgment is also proper based on the following substantive grounds.

Count Two alleges a claim for negligence.  In order to prevail on a claim for negligence, "the plaintiff must prove (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or injury; and (4) that the defendant's breach was the actual and proximate cause of the plaintiff's loss or injury."  DiBiasi v. Joe Wheeler Elec. Membership Corp., --- So. 2d ----, 2008 WL 110451, at *4 (Ala. 2008).   Tate & Lyle argues that the plaintiffs have not shown a breach of the relevant standard of care.  The court agrees.  There is nothing in the record to show that Tate & Lyle acted negligently.  The

plaintiffs have not directed the court to any facts or argument to support their negligence claim.

Count Three alleges a claim for wantonness. The United States District Court for the Middle District of Alabama recently summarized the applicable law as follows:

> The Alabama Code defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6-11-20(b)(3). The Alabama Supreme Court described wantonness as "the conscious doing of some act or the conscious omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury would likely or probably result." Kmart Corp. v. Peak, 757 So.2d 1138, 1144 (1999) (quoting Alfa Mutual Ins. Co. v. Roush, 723 So.2d 1250, 1258 (Ala. 1998)). "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability . . . ." Ex parte Jackson, 737 So.2d 452, 455 (Ala. 1999) (quoting Lynn Strickland Sales & Serv., Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala. 1987), overruled on other grounds Roush, 723 So.2d at 1258); Yamaha Motor Co., Ltd. v. Thornton, 579 So.2d 619, 623 (Ala. 1991) ("[W]antonness, which requires some degree of conscious culpability, is not to be confused with negligence (i.e., mere inadvertence)."). "To prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff." Roush, 723 So.2d at 1256.

Yelder v. Credit Bureau of Montgomery, L.L.C., 131 F. Supp. 2d 1275, 1286 (M.D. Ala. 2001).

Similarly, the Alabama Code contains a statute on punitive damages. The statute provides:

> (a) Punitive damages may not be awarded in any civil action . . . other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. . . .
>
> (b) As used in this article, the following definitions shall apply:
>
> > (1) Fraud. An intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

5

>   (2) Malice. The intentional doing of a wrongful act without just
>   cause or excuse, either:
>
>>   a. With an intent to injure the person or property of
>>   another person or entity, or
>>
>>   b. Under such circumstances that the law will imply
>>   an evil intent.
>
>   (3) Wantonness. Conduct which is carried on with a reckless or
>   conscious disregard of the rights or safety of others.
>
>   (4) Clear and convincing evidence. Evidence that, when weighed
>   against evidence in opposition, will produce in the mind of the trier
>   of fact a firm conviction as to each essential element of the claim
>   and a high probability as to the correctness of the conclusion.
>   Proof by clear and convincing evidence requires a level of proof
>   greater than a preponderance of the evidence or the substantial
>   weight of the evidence, but less than beyond a reasonable doubt.
>
>   (5) Oppression. Subjecting a person to cruel and unjust hardship
>   in conscious disregard of that person's rights.

ALA. CODE § 6-11-20 (1975).

The plaintiffs do not direct the court to any portion of the record that shows Tate & Lyle consciously engaged in conduct, "while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury would likely or probably result." Yelder, 131 F. Supp. 2d at 1286 (quotation marks omitted). Nor have they shown why their claim for punitive damages should survive summary judgment. Consequently, there is nothing before the court to show that Tate & Lyle acted wantonly when it engaged in the actions that gave rise to this lawsuit and there is nothing before the court to show that punitive damages are appropriate for any substantive claims that do survive summary judgment.

Count Four alleges that Tate & Lyle inversely condemned the plaintiffs' properties. Tate & Lyle argues that it cannot be liable for inverse condemnation because it does not have the

authority to condemn property.

As the United States Supreme Court explained, "[t]he phrase 'inverse condemnation' appears to be one that was coined simply as a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted." U.S. v. Clarke, 445 U.S. 253, 257 (1980). Along the same lines, the Supreme Court of Alabama defines "inverse condemnation" as an action against a government authority to receive the value of property taken. "[I]t is a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when the taking authority has not initiated condemnation proceedings." Jefferson County v. Southern Natural Gas Co., 621 So. 2d 1282, 1287 (Ala. 1993). See also Matthews v. Shelby County Com'n, 615 So. 2d 605, 609 (Ala. Civ. App. 1992) ("In McClendon v. City of Boaz, 395 So.2d 21, 24 (Ala. 1981), our supreme court defined inverse condemnation as 'the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a government agency or entity which has the right or power of condemnation.'"); Ex parte Carter, 395 So. 2d 65, 67 (Ala. 1980) ("Inverse condemnation is defined as the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation."); Cove Props., Inc. v. Walter Trent Marina, Inc., 702 So. 2d 472, 477 (Ala. Civ. App. 1997), reversed in part on other grounds, 796 So. 2d 331 (Ala. 2000) (affirming dismissal of a claim for inverse condemnation because plaintiff did not show defendant had the right or power of condemnation).

The plaintiffs do not respond to this argument at all in their response to the motion for

summary judgment, much less point to facts to support the conclusion that Tate & Lyle has the power to condemn private property. Even if Count Four was not abandoned, the motion for summary judgment would be granted as to Count Four because the plaintiffs have not shown that the defendant has the authority to condemn property.

## IV. THE MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE AND FIVE IN THEIR ENTIRETY ARE DENIED.

The plaintiffs allege a claim for nuisance in Count One of their Complaint. Alabama statute defines "nuisance" as:

> anything that works hurt, inconvenience or damage to another. The fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man.

ALA. CODE § 6-5-120 (1975). The statutory definition of "nuisance" codifies Alabama's common law on the matter. Russell Corp. v. Sullivan, 790 So. 2d 940, 951 (Ala. 2001).

> A nuisance can be public or private.
>
> A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals. Generally, a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the state. A private nuisance gives a right of action to the person injured.

ALA. CODE § 6-5-121 (1975). The plaintiffs claim private nuisance. (Doc. 161, pp. 1, 7, and 14).

Nuisance law is premised on the theory that "every man must so use his own property as not to interfere with that of his neighbor." Union Cemetery Co. v. Harrison, 101 So. 517, 519 (Ala. Ct. App. 1924). In other words, if the defendant's actions intrude on the plaintiffs'

8

"interest in use and enjoyment of [their] property, the law of nuisance applies." Boyce v. Cassese, 941 So. 2d 932, 946 (Ala. 2006) (quoting Borland v. Sanders Lead Co., 369 So. 2d 523, 529 (Ala. 1979)).

Although property owners may generally use their property as they see fit, they must do so in a way that "is not a nuisance, nor otherwise a hazard to the safety and well-being of others, and not in violation of regulatory laws within the police power, nor within the prohibition of zoning ordinances." Rigsby v. Burton, 305 So. 2d 366, 367 (Ala. 1974). The facts that a defendant's activities are otherwise lawful and within the parameters set by regulatory agencies do not necessarily preclude a successful nuisance claim. Fowler v. Fayco, Inc., 275 So. 2d 665, 669 (Ala. 1973); Parker v. Ashford, 661 So. 2d 213, 218 (Ala. 1995); Russell Corp., 790 So. 2d at 951.

Although a plaintiff claiming nuisance need not establish that the defendant was negligent in order to prevail, Union Cemetery Co. 101 So. at 519; Hilliard v. Huntsville, 585 So. 2d 889, 892 (Ala. 1991), the plaintiff must establish the traditional tort concepts of duty and causation. The Supreme Court of Alabama explained this rule in Tipler v. McKenzie Tank Lines, 547 So. 2d 438 (Ala. 1989).

> Ala. Code 1975 § 6-5-120, has been liberally interpreted to effect its stated purpose (providing a remedy for "anything that works hurt, inconvenience or damage to another"). See McCraney v. City of Leeds, 239 Ala. 143, 194 So. 151 (1940); and Baldwin v. McClendon, 292 Ala. 43, 288 So. 2d 761 (1974). We also agree that "anything" (i.e., a nuisance, public or private) may consist of conduct that is intentional, unintentional, or negligent. Indeed, it may even consist of activities that are conducted in an otherwise lawful and careful manner, as well as conduct that combines with the culpable act of another, so long as it works hurt, inconvenience, or damage to the complaining party. Restatement (Second) of Torts § 821B (1979). See, also, Alabama Power Co. v. Stringfellow, 228 Ala. 422, 153 So. 629 (1934).

> This does not mean, however, that the plaintiff is not required to prove against the defendant the elements of legal duty and causal relation between the conduct or activity complained of and the hurt, inconvenience, or damage sued for. That which works hurt to another, to satisfy the statutory definition of a nuisance, must comport with the classical tort concepts of duty and causation. See Lauderdale County Board of Education v. Alexander, 269 Ala. 79, 110 So. 2d 911 (1959) (holding that the statutory definition of nuisance is declaratory of the common law and does not supersede the common law as to the other conditions and circumstances constituting a nuisance under the common law).

Id. at 440-41. See also Jackson v. USX Corp., 659 So. 2d 21, 24 (Ala. 1994) (must show duty and causation); Chambers v. Summerville United Methodist Church, 675 So. 2d 1315, 1316 (Ala. Civ. App. 1996) ("plaintiff must also prove the tort elements of duty and causation").

Shortly after issuing its decision in Tipler, the Supreme Court of Alabama clearly implied that the duty and causation analyses in a nuisance claim are conducted the same way as they are in a negligence claim. In Hilliard v. Huntsville Elec. Util. Bd., 599 So. 2d 1108 (Ala. 1992), the court undertook an analysis of a negligence claim, with a particularly thorough analysis of the causation element of the claim, and decided that the trial court improperly entered summary judgment on the negligence claim. Id. at 1111-12. The court next held that summary judgment was not proper on a related nuisance claim based on its holding that summary judgment was improper on the negligence claim. Id. at 1112-13.

Tate & Lyle argues that the court should grant it summary judgment on the nuisance claim because there is no genuine issue of material fact as to proximate cause. (Doc. 142, pp. 25-35). Specifically, Tate & Lyle challenges the plaintiffs' abilities to show that any emissions from Tate & Lyle's plant caused physical injuries to the plaintiffs (Doc. 142, pp. 26-30), caused a diminution in the plaintiffs' property values (Doc. 142, pp. 30-33), and interfered with the plaintiffs' use and enjoyment of their properties (Doc. 142, pp. 33-35).

As a general matter, "issues of causation are normally properly submitted to the jury, because they are generally dependent on the facts of the case." Hilliard, 599 So. 2d at 1111.

> Causation analysis consists of two concepts: factual or "but-for" causation, and legal or proximate causation. Springer v. Jefferson County, 595 So. 2d 1381 (Ala. 1992). As we stated in Springer:
>
>> "Factual causation, or 'but for' causation, is that part of causation analysis that asks if the complained-of injury or damage would have occurred but for the act or omission of the defendant. W. Keeton, D. Dobbs, R. Keeton, D. Owen, Prosser and Keeton On Torts § 41 (5th ed. 1984). Proximate or legal causation is that part of causation analysis that asks if 'the act for which the [defendant] is responsible [is] of such a nature that courts of law will recognize it as the [cause] of the injury.' General Motors Corp. v. Edwards, 482 So. 2d 1176, 1194 (Ala. 1985). In Alabama, the issue of proximate causation hinges on foreseeability."
>
> 595 So. 2d at 1383-1384.

Id. at 1111-12.

As set forth above, all that the plaintiffs need to show in order to prevail over the defendant's motion for summary judgment is a loss of use and enjoyment of their properties. Borland, 369 So. 2d at 529. The plaintiffs testified that an unpleasant odor from Tate & Lyle's plant interferes with their use and enjoyment of their properties. The experts and the plaintiffs disagree about whether Tate & Lyle's plant is the source of the specific odor that the plaintiffs describe.[3] It is up to the jury to sort out the factual differences between the parties. The same

---

[3] Tate & Lyle moved to strike an expert affidavit that the plaintiffs filed with their response to the motions for summary judgment. (Doc. 163, pp. 12-19). The court did not consider that affidavit in its ruling on the motion for summary judgment. The request to strike the affidavit is **MOOT**. Tate & Lyle also filed a motion to exclude the testimony of plaintiffs' expert at trial. (Doc. 172). The court does not consider that motion at this juncture for at least two reasons. First, the plaintiffs have not had an opportunity to respond to this recent motion. Second, the motion focuses on excluding the expert opinion at trial, not on summary judgment. (Doc. 172, p. 14).

holds true for the plaintiffs' claim based on noise. Although plaintiffs' counsel did not focus on noise as the source of a nuisance or specifically rebut Tate & Lyle's expert testimony on the issue in the summary judgment briefing, many of the plaintiffs testified that noise from Tate & Lyle's plant was one of their sources of complaint. As such, the motion for summary judgment is **DENIED** as to the nuisance claim as a whole because the facts in the record show that there is a genuine issue of material fact as to whether Tate & Lyle caused a nuisance.

Count Five asks for injunctive relief. Tate & Lyle argues that they are due summary judgment on Count Five because the claim for summary judgment depends on a survival of the substantive claims for relief. Because the court is denying summary judgment on Count One, the motion is **DENIED** as to Count Five as well.

## V. THE MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR EMOTIONAL DISTRESS DAMAGES IS GRANTED IN PART AND DENIED IN PART.

Tate & Lyle argues that the plaintiffs cannot maintain their claims for emotional distress damages on their counts for negligence and nuisance. Because the court granted summary judgment on the negligence count, the motion is also **GRANTED** to the extent that the plaintiffs are seeking emotional distress damages in that count.

Summary judgment is **DENIED** as to the claims for emotional distress on the nuisance claim, however. As Tate & Lyle accurately points out, "mental anguish is compensable in a nuisance case without physical injury if the mental suffering inflicted is accompanied by malice, insult, inhumanity, or contumely." Rice v. Merritt, 549 So. 2d 508, 511 (Ala. Civ. App. 1989).[4]

---

[4] The plaintiffs grouped their claim for "emotional distress" and "mental anguish" together in paragraph 27(e) of their Complaint. They do not argue that their claim for "emotional distress" should be treated differently than their claim for "mental anguish."

Tate & Lyle vigorously argues that none of the plaintiffs' claims for physical injury should survive because the plaintiffs lack expert testimony to establish that Tate & Lyle proximately caused the injuries and, as a result of the plaintiffs' inability to establish that Tate & Lyle caused their injuries, the plaintiffs would have to show "malice, insult, inhumanity, or contumely" in order to maintain their claim for emotional distress.

At least some of the injuries about which the plaintiffs complain are "rationally based on the perception of the witness." FED. R. EVID. 701(a). By way of example, many of the plaintiffs testified that they suffered burning sensations when they smelled the odor that they testified emanated from Tate & Lyle's plant. If such burning sensations or similar occurrences constitute injuries, and no party argues that they do not constitute injuries, then the plaintiffs need not establish "malice, insult, inhumanity, or contumely" in order to make a successful claim for emotional distress damages.

## VI.     THE MOTION IS GRANTED AS TO THE STATUTE OF LIMITATIONS.

Tate & Lyle argues that the plaintiffs are claiming a continuous tort of nuisance. In Alabama, a plaintiff may only recover damages for the portion of a continuous tort that occurred within the statute of limitations that applies to the cause of action. AC, Inc. v. Baker, 622 So. 2d 331, 335 (Ala. 1993). The statute of limitations for the nuisance claim is two years pursuant to the catch-all statute of limitations codified at ALA. CODE § 6-2-38(l) (1975). As such, summary judgment is **GRANTED** as to any damages that occurred outside of the two-year statute of limitations.

## VII.    THE MOTION FOR SUMMARY JUDGMENT AS TO CLAIMS FOR PERSONAL INJURY AND/OR EMOTIONAL DISTRESS BY SPECIFIC PLAINTIFFS IS GRANTED.

### A.     Physical Injuries

Plaintiffs, Timothy Barnes, Laurina Law, Bernice Pressley, and Malanda Reed, all testified that they have not suffered physical injuries or medical problems as a result of Tate & Lyle's operations. Tate & Lyle asks for "summary judgment on any and all claims for personal injury made by these four plaintiffs." (Doc. 145, p. 6). The plaintiffs do not dispute the factual predicate for Tate & Lyle's argument, but simply argue that they need not prove physical injury to maintain a cause of action for nuisance. (Doc. 161, pp. 10-11). The plaintiffs are right that they need not establish personal injuries to maintain a nuisance claim, but Tate & Lyle does not seek complete summary judgment against these plaintiffs on these grounds. Tate & Lyle simply seeks summary judgment on any claims for physical injury.

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." Resolution Trust, 43 F.3d at 599. See also Preis v. Lexington Ins. Co., 508 F. Supp. 2d 1061, 1068 (S.D. Ala. 2007) ("Parties may not, by the simple expedient of dumping a mass of evidentiary material into the record, shift to the Court the burden of identifying evidence supporting their respective positions."); Witbeck v. Embry Riddle Aeronautical University, Inc., 219 F.R.D. 540, 547 (M.D. Fla. 2004) ("That judges have no duty to scour the file in search of evidence is an obvious corollary to the requirement that parties specifically identify the portions of the case file which support their assertions regarding whether genuine issues remain for trial."); SD ALA LR 7.2(b) ("Failure to do so [point out the disputed facts appropriately referenced to the supporting document or documents] will be considered an admission that no material factual dispute exists[.]").

Tate & Lyle provides that "Timothy Barnes, Laurina Law, Bernice Pressley, and

Malanda Reed deny having any physical injuries or medical problems as a result of Tate & Lyle's Plant operations." (Doc. 146, p. 2, ¶ 4). The plaintiffs do not directly dispute this factual assertion in their response. Rather, they direct the court to the body of interrogatory responses filed in conjunction with the motion in support of the broad assertion that the plaintiffs have suffered a myriad of symptoms. (Doc. 161, pp. 2-3). As such, the motion is **GRANTED** as to any claims by **Timothy Barnes, Laurina Law, Bernice Pressley, and Malanda Reed** for personal injuries.

### B. Emotional Distress

Tate & Lyle argues that the court should award it summary judgment on Timothy Barnes', Laurina Law's, Bernice Pressley's, and Malanda Reed's claims for emotional distress based on its assertion that, without a claim for physical injury, none of those plaintiffs can maintain a claim for emotional distress without showing "malice, insult, inhumanity, or contumely." Because the court granted summary judgment as to those plaintiffs' claims for physical injury and there is no showing of malice, insult, inhumanity, or contumely as to these plaintiffs, summary judgment is also **GRANTED** as to the emotional distress claims of **Timothy Barnes, Laurina Law, Bernice Pressley, and Malanda Reed**.

The defendant also argues that summary judgment should be granted in its favor as to the following parties' claims of emotional distress: Billie Barnes, Timothy Barnes, Dianne McKenzie, Bernice Pressley, Lawrence Pressley, Lloyd Pressley, Bobby Radcliff, III, Bobby Radcliff, Jr., Linda Reed, Malanda Reed, Robert Reed, John Sullivan, Jr., Anthony Witherspoon, and Anthony Witherspoon, Jr. because all of these plaintiffs testified that they have not suffered mental anguish or emotional distress. (Doc. 145, pp. 6-7). The plaintiffs argue that Tate & Lyle

interfered with their use and enjoyment of their properties, but do not dispute the testimony on which Tate & Lyle relies to support its position. (Doc. 161, p. 11).

Tate & Lyle lists as an undisputed fact that the foregoing plaintiffs "deny suffering any mental anguish or emotional distress as a result of Tate & Lyle's Plant operations." (Doc. 146, p. 2, ¶ 5). The plaintiffs do not dispute this fact. As such, summary judgment is **GRANTED** as to the claims of mental anguish and emotional distress of: **Billie Barnes, Timothy Barnes, Dianne McKenzie, Bernice Pressley, Lawrence Pressley, Lloyd Pressley, Bobby Radcliff, III, Bobby Radcliff, Jr., Linda Reed, Malanda Reed, Robert Reed, John Sullivan, Jr., Anthony Witherspoon, and Anthony Witherspoon, Jr.**

## VIII. THE MOTION FOR SUMMARY JUDGMENT ON CERTAIN PLAINTIFFS' CLAIMS FOR PROPERTY DIMINUTION DAMAGES IS GRANTED IN PART AND DENIED IN PART.

Tate & Lyle argues that Billie Barnes, Anita Hicks, and Bernice Pressley testified that Tate & Lyle's plant has not affected the value of their mobile homes. (Doc. 145, p. 7). It supports its argument with citation to the record. As set out in Tate & Lyle's Findings of Facts, Billie Barnes testified that the Tate & Lyle Plant has not affected the value of her mobile home (Doc. 146, p. 2, ¶ 6); Anita Hicks has no opinion about whether Tate & Lyle damaged or devalued her trailer (Doc. 146, p. 3, ¶ 7); Bernice Pressley has no opinion about whether Tate & Lyle's plant diminished the value of her property (Doc. 146, p. 3, ¶ 9). The plaintiffs do not dispute the foregoing facts, nor do they provide alternate bases for ascertaining whether Tate & Lyle's plant diminished the value of Billie Barnes', Anita Hicks', or Bernice Pressley's mobile homes. Summary judgment is **GRANTED** in favor of Tate & Lyle with regard to any diminution of the value of the mobile homes of **Billie Barnes and Anita Hicks**. The motion is

**DENIED** as to the value of the mobile home of **Bernice Pressley**. The portion of Ms. Pressley's deposition on which Tate & Lyle relies, pages 49-51, does not mention a mobile home or a trailer, but rather refers to a house.

Tate & Lyle also points out that Billie Barnes, Anita Hicks, and Spencer Lang do not own, or did not own at the time of filing their Complaint, the land on which their trailers or mobile homes sit. Billie Barnes did not acquire her real property until May 2, 2007; Anita Hicks has not owned her real property at any point relevant to this litigation; Spencer Lang did not purchase his property "until sometime between December 21, 2006 and January 9, 2007." (Doc. 146, p. 2, ¶ 6; Doc. 146, p. 3, ¶ 7, and Doc. 146, p. 3, ¶ 8). The plaintiffs do not dispute these facts. Tate & Lyle makes two arguments based on these undisputed facts.

First, Tate & Lyle argues that the plaintiffs lack standing to pursue a nuisance claim if they do not own the property where they live because they lack a legally protected interest. Tate & Lyle supports this argument with nothing other than citations to cases for the proposition that a party must have a legally protected interest in order to assert standing under Article III of the United States Constitution. As the plaintiffs point out, however, tenants and occupants are proper plaintiffs in nuisance actions under Alabama law. "A tenant or occupant of property may maintain a suit for a nuisance by reason of noise, smoke, odors, etc." Shelby Iron Co. v. Greenlea, 63 So. 470, 501 (Ala 1913) (quotations and citations omitted); Union Cemetery, 101 So. at 519 (same). Accordingly, summary judgment is not granted on these grounds.

Second, Tate & Lyle argues that the foregoing plaintiffs are not competent to testify about the value of land they do not own, or about the diminution thereof. (Doc. 145, p. 8). See E-Z Serve Convenience Store, Inc. v. State, 686 So. 2d 351, 352-53 (Ala. Civ. App. 1996)

17

(lessee may testify about value of leasehold interest but not underlying freehold interest); Gregath v. Bates, 359 So. 2d 404, 407 (Ala. Civ. App. 1978) (Property owners are competent to testify to the value of their own property by virtue of their ownership interest, but non-expert witnesses may not testify to the value of another person's property.); Seale v. Pearson, 736 So. 2d 1108, 1112 (Ala. Civ. App. 1999) ("[A] landowner can testify as to the value of his property, even if he is not an 'expert.'").  The plaintiffs do not undertake to distinguish the legal precedent on which Tate & Lyle relies.  They also do not direct the court to any other source of information from which the diminished value of the real property where Billie Barnes, Anita Hicks, and Spencer Lang live can be determined.

The motion is **GRANTED in part and DENIED in part** on the diminution of property value claims as follows.  Summary judgment is **GRANTED against Billie Barnes** as to any diminution in the value of her real property that occurred prior to May 2, 2007.  Summary judgment is **DENIED as to Billie Barnes** insofar as she claims any diminution in the value of her leasehold interest in the real property that occurred prior to that date and also insofar as she claims any diminution in the value of her real property that occurred after that date.  Summary judgment is **GRANTED against Anita Hicks** as to any diminution in the value of the real property where she lives.  Summary judgment is **DENIED as to Anita Hicks** as to any diminution in the value of her leasehold interest in the real property.  Summary judgment is **GRANTED against Spencer Lang** as to any diminution in the value of his real property that occurred prior to the date he purchased his property, which was sometime between December 21, 2006, and January 9, 2007.  Summary Judgment is **DENIED as to Spencer Lang** insofar as he claims any diminution in the value of his leasehold interest in the real property that occurred

prior to that date and also insofar as he claims any diminution in the value of his real property that occurred after that date.

Tate & Lyle makes a similar argument with regard to Bobby Radcliff, Jr., which was likewise essentially unopposed. (Doc. 145, p. 9; Doc. 161, pp. 11-12). Bobby Radcliff, Jr. did not purchase the real property where he lives until April 4, 2006. (Doc. 146, p. 3, ¶ 10). Summary judgment is **GRANTED against Bobby Radcliff, Jr.** as to any diminution in the value to his real property that occurred prior to April 4, 2006. Summary judgment is **DENIED as to Bobby Radcliff, Jr.** insofar as he claims any diminution in the value of his leasehold interest in the real property that occurred prior to that date and also insofar as he claims any diminution in the value of his real property that occurred after that date.

## IX. THE MOTION FOR SUMMARY JUDGMENT ON CERTAIN PLAINTIFFS' CLAIMS OF NUISANCE CREATED BY NOISE IS GRANTED.

Tate & Lyle seeks summary judgment on any claims of nuisance created by noise brought by: Bernice Pressley, Jamya Radcliff, and Broderick Sullivan, Jr. (Doc. 145, p. 9). Each of the foregoing plaintiffs testified that they were not bothered, annoyed, or otherwise interfered with in the use and enjoyment of their properties by any noise from the Tate & Lyle plant. (Doc. 146, p. 3, ¶ 11). The plaintiffs do not dispute Tate & Lyle's factual assertion in this regard or specifically oppose this aspect of Tate & Lyle's motion. Summary judgment is **GRANTED as to any claims of nuisance created by noise by Bernice Pressley, Jamya Radcliff, and Broderick Sullivan, Jr.**

## X. CONCLUSION

The motions for summary judgment are **GRANTED in part and DENIED in part** as set forth above.

**DONE and ORDERED** this 14th day of August, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE
