**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

BOBBY L. RADCLIFF and CAROL L.          :
L. RADCLIFF, individually and
as parents and next friends of          :
JASMINE S. LANG, JAMYA RADCLIFF
and BOBBY L. RADCLIFF JR., all          :
minors; SYLVESTER ABRAMS;
LAURINA SULLIVAN LAW; ANITA             :
HICKS; WAYNE HICKS JR.; BOBBY
MCKENZIE and DIANNE A. MCKENZIE;        :
SPENCER LEE LANG JR.; JOHN
SULLIVAN JR. and BONNIE PRESSLEY        :
SULLIVAN; BRODERICK SULLIVAN
SR., as father and next friend          :
of BRODERICK SULLIVAN JR., a
minor; BERNICE PRESSLEY; LLOYD          :
STEVE PRESSLEY; ELECTA MAE
PRESSLEY, individually and as           :
mother and next friend of AVERY
PRESSLEY, a minor; LAWRENCE             :
JAMES PRESSLEY; LINDA REED;
ELIZABETH MITCHELL; LORA WARD,          :
individually and as mother and
next friend of DERRICK WARD, a          :
minor; KOLANDSKI WARD; BILLIE
BARNES; TIMOTHY BARNES JR.;             :
LINDA ANNETTLE THOMAS and
ANTHONY WITHERSPOON SR.,                :
individually and as parents and
next friends of MICHELLE THOMAS,        :
SHANTERIA THOMAS and ANTHONY
WITHERSPOON JR., all minors;            :
LEROY ADAMS and FANNIE JEAN
ADAMS; EVA GRAY JONES; and              :
ROBERT REED and MALANDA REED,
                                        :

     Plaintiffs,
                                        :

v.                                               CA 06-345-CG-M
                                        :

TATE & LYLE SUCRALOSE, INC.,
                                        :

     Defendant.
                              :   :   :

1

pretrialorder2.radcliff(tla)

## AMENDED JOINT PRETRIAL DOCUMENT

The parties submit this amended Joint Pretrial Document pursuant to the Court's August 20, 2008 Order. (Doc. #180). Specifically, the parties amend their prior Joint Pretrial Document in light of the Court's August 14, 2008 order granting in part and denying in part Defendant's motions for summary judgment. (Doc. #176).

**A.    Jurisdiction and Parties**

There is no contest as to the jurisdiction of this Court or as to the correctness of the named defendant or the named plaintiffs.

**B.    Statement of the Case**

This is a lawsuit brought by fifteen (15) different homeowner families who own seventeen (17) different real properties against Tate & Lyle Sucralose, Inc. ("Tate & Lyle"). Since April of 2004, Tate & Lyle has owned and operated a plant within McIntosh, Alabama's Industrial Park that manufactures sucralose, a product used in the production of Splenda®. Plaintiffs live in homes located generally east of Tate & Lyle's plant.

2

Plaintiffs allege generally that obnoxious odors and/or noises emanate from Tate & Lyle's manufacturing plant,[1] which cause them to suffer various personal injuries, emotional distress or mental anguish, loss of use and enjoyment of their real properties, and diminution in the value of their real properties. Plaintiffs do not seek monetary damages for their alleged personal injuries, but do seek monetary damages and injunctive relief for their alleged mental anguish and loss of use and enjoyment of their real properties, and diminution in value of their real properties.[2]

Tate & Lyle denies that its manufacturing processes produce odors and/or noises that cause injury or damage to Plaintiffs. Specifically, Tate & Lyle claims that at all times relevant it operated and/or maintained its plant in compliance with all applicable environmental statutes and regulations, environmental or operational permits, or other governing laws relating to air or noise emissions. Tate & Lyle also claims that at all times relevant there were no air or noise emissions that exceeded applicable regulatory or permit levels so as to cause any injury or damage to Plaintiffs, including personal injuries, emotional

---

[1] Defendant was granted summary judgment on three Plaintiffs' claims based on noise--Bernice Pressley, Jamya Radcliff, and Broderick Sullivan, Jr. (Doc. #176, p. 19).

[2] Defendant was granted summary judgment on claims for mental anguish damages and partial summary judgment on property diminution damages for various Plaintiffs. (Doc. #176, p. 15-19). The parties have amended Part I ("Damages") of this joint pretrial document pursuant to these prior rulings.

pretrialorder2.radcliff(tla)

distress or mental anguish, loss of use and enjoyment of their real properties, or diminution in the value of their real properties.

## C.   <u>Triable Claims and Affirmative Defenses</u>

Plaintiffs bring causes of action for nuisance and injunctive relief. The elements of Plaintiffs' causes of action are set forth below, along with Defendant's general affirmative defenses, and statements of agreed facts or disputed facts specifically related to each claim or affirmative defense.

### <u>Triable Claims</u>

**1)   Nuisance:** Plaintiffs, thirty-seven (37) persons from fifteen (15) different homes, as residents of McIntosh, Alabama, occupied their homes and residences prior to the construction or expansion of the plant operated by Tate & Lyle, allege that Tate & Lyle, by constructing or expanding a plant in close proximity to their homeplaces and properties producing sucralose using a variety of chemicals, namely, DMA, which, according to governmental periodicals referred to as MSDS, cause coughing, headaches, labored breathing, shortness of breath, sore throat, redness and irritated eyes, has created a private nuisance resulting in the denial of Plaintiffs' right to use their property and their right to have free use of their property without injury or negative affect. Plaintiffs' claims are that while there may not be any physical damage to their actual

4

property, there is interference with their use and enjoyment of their property, so that pursuant to §6-5-120, Code of Alabama (1975), the operation of the plant by Tate & Lyle causes hurt, inconvenience and damage to Plaintiffs' use and enjoyment of their homes and the fact that Tate & Lyle may have governmental permits is not a defense.[3]

Plaintiffs contend the following constitutes the legal elements of private nuisance: In the case of obnoxious odors or excessive noise the annoyance must be of such character as to be offensive to the senses or so as to produce actual physical discomfort so as to materially interfere with the comfort and enjoyment of the property within the property owner's sphere or zone of life. Plaintiffs contend that, as they were in the location at which the Defendant sought to place or enlarge its plant causing annoyance to their families and to themselves and disturbing the quietude of their home by excessive odors and noises, the operation of the plant gives the Plaintiffs the right to a claim of "private nuisance" even though the construction of the plant would otherwise be lawful.[4]

Defendant contends the following constitutes the legal elements of a private nuisance:  A nuisance is anything that

---

[3]  See Borland v. Sanders Lead Company, 369 So.2d 523 (Ala. 1979); Park Center v. Champion International Corporation, 804 F.Supp. 294 (S.D. Ala. 1992); Tipler v. McKenzie Tank Lines, 547 So.2d 438 (Ala. 1989).

[4]  See McClung v. Louisville National Railroad, 51 So.2d 371 (Ala. 1951); Alabama Power Company v. Stringfellow, 153 So.2d 629 (Ala. 1934).

pretrialorder2.radcliff(tla)

causes hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not prevent it from being a nuisance.[5]   The act complained of must be such as would affect an ordinary, reasonable person and must not be fanciful or such as would affect only a person of fastidious taste.[6]

**Specific Affirmative Defenses:**  Tate & Lyle asserts no affirmative defense specific to this count. Instead, it argues that Plaintiffs fail to establish all essential elements of their nuisance claim--namely, causation and interference which would affect an ordinary, reasonable person.

**Statement of Agreed Facts Specifically Related to Nuisance:** Since April of 2004, Tate & Lyle has owned and operated a plant within McIntosh, Alabama's Industrial Park that manufactures sucralose, a product used in the production of Splenda®. Plaintiffs own or reside on real property located generally east of Tate & Lyle's plant. Tate & Lyle's manufacturing process produces dimethylamine ("DMA") as an unwanted by-product. At certain levels, DMA can emit an unpleasant odor generally described as "fishy" or similar to ammonia.

**Statement of Disputed Facts Specifically Related to Nuisance:**  Plaintiffs contend that, in reference to the plant,

---

[5]   APJI 31.50 (2007).
[6]   Supra n. 5.

pretrialorder2.radcliff(tla)

the operation includes the use of DMA, which, according to governmental periodicals accepted by Tate & Lyle, referred to as "MSDS," can result in the production of a "bad dead fish odor" causing for individuals hyperventilation, burning sensation, cough, headache, labored breathing, shortness of breath, sore throat and redness, pain and irritated eyes. Those symptoms have been complained of by Plaintiffs as property owners adjacent to Defendant's plant.

Defendant contends there have been no air emissions from Tate & Lyle's plant since April of 2004 of sufficient DMA quantity or concentration which could have or did proximately cause any odors of which Plaintiffs complain. There have been no noise emissions from Tate & Lyle's plant since April of 2004 of sufficient quantity or decibel level which could have or did proximately cause any noises of which Plaintiffs complain. Any air or noise emissions emanating from Tate & Lyle's plant are not of sufficient quantity or quality to cause hurt, inconvenience or damage to an ordinary, reasonable person.

**2)   Injunctive Relief:** An injunction is not a matter of right; instead, it is one of grace, and the determination of whether to grant an injunction rests within the sound discretion of the trial court.[7] It is the duty of the court whose jurisdiction is invoked to secure injunctive relief, when

---

[7]   <u>Acker v. Protective Life Ins. Co.</u>, 353 So.2d 1150, 1152 (Ala. 1977).

considering the application, to consider and weigh the relative convenience and inconvenience and the comparative injuries to the parties and to the public which would result from the granting or refusal of the injunction sought.[8] Proof of negligence is required to sustain injunctive relief ordering abatement of a nuisance when the conduct giving rise to the conditions complained of is expressly authorized by law.[9]

**Specific Affirmative Defenses:** Tate & Lyle asserts no affirmative defense specific to this count. Instead, it argues that Plaintiffs fail to establish any right to injunctive relief because their claims of nuisance (or any tort) fail. Where no nuisance exists, there is no right to injunctive relief.[10] If a nuisance is found to exist, the comparative injury doctrine does not warrant the imposition of any injunction here because the inconvenience and injury to Tate & Lyle and the public generally outweigh any inconvenience or injury to Plaintiffs.[11] Similarly, if nuisance is found to exist, an injunctive remedy is not warranted because Plaintiffs fail to establish negligence by Tate & Lyle.[12]

---

[8] Daniels v. Chapuis, 344 So.2d 500, 503 (Ala. 1977) (citation omitted).
[9] City of Birmingham v. City of Fairfield, 375 So.2d 438, 441 (Ala. 1979).
[10] Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330, 338-39 (Ala. 2006).
[11] Daniels, 344 So.2d at 503; Acker, 353 So.2d at 1152.
[12] City of Birmingham, 375 So.2d at 441.

pretrialorder2.radcliff(tla)

**Statement of Agreed Facts Specifically Related to Injunctive Relief:** Since April of 2004, Tate & Lyle has owned and operated a plant within McIntosh, Alabama's Industrial Park that manufactures sucralose, a product used in the production of Splenda®. Plaintiffs own or reside on real property located generally east of Tate & Lyle's plant. Tate & Lyle's manufacturing process produces dimethylamine ("DMA") as an unwanted by-product. At certain levels, DMA can emit an unpleasant odor generally described as "fishy" or similar to ammonia.

**Statement of Disputed Facts Specifically Related to Injunctive Relief:** Plaintiffs contend that, in reference to the plant, the operation includes the use of DMA, which, according to governmental periodicals accepted by Tate & Lyle, referred to as "MSDS," can result in the production of a "bad dead fish odor" causing for individuals hyperventilation, burning sensation, cough, headache, labored breathing, shortness of breath, sore throat and redness, pain and irritated eyes. Those symptoms have been complained of by Plaintiffs as property owners adjacent to Defendant's plant.

Defendant contends that there is no nuisance here because there have been no DMA air emissions from Tate & Lyle's plant since April of 2004 of sufficient quantity or concentration which could have or did proximately cause any odors of which

9

Plaintiffs complain. There have been no noise emissions from Tate & Lyle's plant since April of 2004 of sufficient quantity or decibel level which could have or did proximately cause any noises of which Plaintiffs complain. Any air or noise emissions emanating from Tate & Lyle's plant are not of sufficient quantity or quality to cause hurt, inconvenience or damage to an ordinary, reasonable person. There is no negligence by Tate & Lyle because at all times relevant, Tate & Lyle expanded, operated and/or maintained its manufacturing plant within and according to the applicable standards of care. The expansion, operation and/or maintenance of Tate & Lyle's plant did not proximately cause any damage or injury to Plaintiffs.

D. **Trial Time**

Plaintiffs estimate that this action will take ten (10) to fourteen (14) days to try, exclusive of jury selection time; Defendant estimates that this action will take twenty (20) days to try, exclusive of jury selection time. Plaintiffs expect to call thirty-five (35) plaintiffs, as lay witnesses, and James R. Montgomery, as an expert witness, for a total of thirty-six (36) witnesses, and Defendant expects to call not more than twenty-one (21) witnesses, both lay and expert.

E. **Type of Trial**

This is a jury case, and Plaintiffs are entitled to a jury trial on their nuisance claim but not their injunctive relief

10

claim.  The parties request a jury of twelve (12). See the parties' proposed voir dire questions (Doc. #174-2, 174-4) and objections thereto (Doc. #174-3, 174-5).

**F.   <u>Motions</u>**

Currently there are two pending motions before the Court: (1) Defendant's *Daubert* Motion to Exclude the Testimony of Plaintiff's Expert, James R. Montgomery (Doc. # 172), and (2) Defendant's Motion to Strike Plaintiffs' Objections to Defendant's Expert Witnesses and Trial Exhibits (Doc. #175).[13]

Plaintiffs contemplate filing a motion *in limine* seeking to preclude Defendant from introducing or attempting to introduce any evidence, documentary, testimony or otherwise, seeking to contradict or dispute any of the following:

1.   That DMA, according to governmental published brochures, produces a "bad dead fish odor" and is so foul so as to cause hyperventilation, burning sensation, cough, headache, labored breathing, shortness of breath, sore throat and redness, pain and irritated eyes.

2.   That DMA is released into the atmosphere and is carried by prevailing winds onto the properties of the

---

[13]   Although no written order was issued, the Court granted the first part of this Motion regarding Plaintiffs' objections to Defendant's expert witnesses at the parties' pretrial conference held on Aug. 18, 2008.  <u>See</u> Transcript of Aug. 18, 2008 Pretrial Conference, pp. 24-25. Defendant is unclear whether the second part of its Motion concerning Plaintiffs' objections to its trial exhibits was ever finally determined, or whether such argument will be determined at trial during the presentation of exhibits.  <u>See id.</u>, pp. 19-20.

pretrialorder2.radcliff(tla)

Plaintiffs during the course of the production by Tate & Lyle
Sucralose, Inc. of sucralose.

   3.   That there are a thousand potential points of
emissions for DMA at the Tate & Lyle Sucralose, Inc. plant
location.

   4.   That the Plaintiffs have over a period of time smelled
odors during plant operations causing coughing, headaches,
labored breathing, shortness of breath, sore throat, redness and
irritated eyes for the Plaintiffs, denying them the full use and
enjoyment of their homes.

   5.   That DMA is an unwanted byproduct of the sucralose
chemical process which is produced at the Tate & Lyle Sucralose,
Inc. plant in both liquid and gas form.

   6.   That DMA in a gas form is similar to air.

   7.   That the most common way to experience DMA is through
the smelling process for an individual.

   8.   That Tate & Lyle Sucralose, Inc. does not have any
equipment at the plant site that records wind direction or
speed.

   Defendant contemplates filing the following additional
pretrial motions: One or more motions *in limine* to exclude
evidence of the following: (1) the wealth or poverty of the
parties; (2) the fact that Defendant is not incorporated or
headquartered locally or in Alabama; (3) the relative size of

the law firms representing the parties; (4) other claims or lawsuits against Defendant; (5) any alleged acts or omissions occurring at Defendant's McIntosh plant prior to June 2004, (6) the alleged generation, use, storage, or release of chemicals from Defendant's plant other than DMA, (7) the existence of or damages to certain Plaintiffs' alleged leasehold interests in property, (8) any physical symptoms suffered by Plaintiffs allegedly resulting from exposure to DMA with proof of medical causation, and (9) the testimony of James Montgomery, should Defendant's *Daubert* motion not be granted.

**G.   <u>Depositions</u>**

Plaintiffs will or may read the following the depositions (or excerpts therefrom) at trial:  None.

Defendant objects to the following deposition testimony designated by Plaintiffs:  Not applicable.

Defendant will or may read the following depositions (or excerpts therefrom) at trial:

1.   Vonceil Pressley Neal:  pp. 6: 11-16; 9: 17-23, 10: 1-11, 20-21; 19: 21-23; 21: 1-11; 22: 15-23; 23: 1-5; 35: 21-23; 36: 1-5; 54: 15-23; 56: 1-6; 60: 20-23; and 61: 1-10.

Plaintiffs object to the following deposition testimony designated by Defendant:

1.   Vonceil Pressley Neal:  All passages designated by Defendant on the grounds that they are irrelevant and immaterial as she is no longer a party.

H.   <u>Witnesses</u>

Plaintiffs will call the following witnesses to testify live at trial:[14]

1.   Bobby L. Radcliff Jr.
     550 Charlie Lee Road
     McIntosh, Alabama 36553

2.   Carol L. Radcliff
     550 Charlie Lee Road
     McIntosh, Alabama 36553

3.   Jasmine S. Lang
     550 Charlie Lee Road
     McIntosh, Alabama 36553

4.   Jamya Radcliff
     550 Charlie Lee Road
     McIntosh, Alabama 36553

5.   Bobby L. Radcliff III
     550 Charlie Lee Road
     McIntosh, Alabama 36553

6.   Sylvester Abrams
     401 Charlie Lee Road
     McIntosh, Alabama 36553

7.   Laurina S. Law
     706 Charlie Lee Road
     McIntosh, Alabama 36553

8.   Jackie Wayne Hicks Jr.
     787 Charlie Lee Road
     McIntosh, Alabama 36553

9.   Anita Hicks
     703 Charlie Lee Road
     McIntosh, Alabama 36553

---

[14]  Plaintiffs agree to provide Defendant with not less than 48 hours advance notice of the order in which Plaintiffs' witnesses will be called to testify at trial.  <u>See</u> Transcript of Aug. 18, 2008 Pretrial Conference, pp. 9-11.

14

10.   Bobby McKenzie Sr.
      302 Charlie Lee Road
      McIntosh, Alabama 36553

11.   Diane A. McKenzie
      302 Charlie Lee Road
      McIntosh, Alabama 36553

12.   Spencer L. Lang Jr.
      365 Charlie Lee Road
      McIntosh, Alabama 36553

13.   John Sullivan Jr.
      293 Charlie Lee Road
      McIntosh, Alabama 36553

14.   Bonnie P. Sullivan
      293 Charlie Lee Road
      McIntosh, Alabama 36553

15.   Broderick Sullivan Jr.
      293 Charlie Lee Road
      McIntosh, Alabama 36553

16.   Bernice T. Pressley
      339 Charlie Lee Road
      McIntosh, Alabama 36553

17.   Lloyd S. Pressley
      339 Charlie Lee Road
      McIntosh, Alabama 36553

18.   Lawrence J. Pressley
      337 Charlie Lee Road
      McIntosh, Alabama 36553

19.   Electa Mae Pressley
      339 Charlie Lee Road
      McIntosh, Alabama 36553

20.   Linda Reed
      73 Daugherty Avenue
      McIntosh, Alabama 36553

21.  Elizabeth Mitchell
     87 Shanty Road
     McIntosh, Alabama 36553

22.  Lora Ward
     456 River Road East
     McIntosh, Alabama 36553

23.  Derrick Ward
     456 River Road East
     McIntosh, Alabama 36553

24.  Kolwandski Ward
     456 River Road East
     McIntosh, Alabama 36553

25.  Linda A. Thomas
     263 Charlie Lee Road
     McIntosh, Alabama 36553

26.  Anthony Witherspoon Sr.
     263 Charlie Lee Road
     McIntosh, Alabama 36553

27.  Shanteria Witherspoon
     263 Charlie Lee Road
     McIntosh, Alabama 36553

28.  Michelle R. Thomas
     263 Charlie Lee Road
     McIntosh, Alabama 36553

29.  Leroy Adams
     273 Charlie Lee Road
     McIntosh, Alabama 36553

30.  Fannie J. Adams
     273 Charlie Lee Road
     McIntosh, Alabama 36553

31.  Billie R. Barnes
     26 Barnes and Reed Road
     McIntosh, Alabama 36553

32.  Timothy P. Barnes Jr.
     53 Barnes and Reed Road
     McIntosh, Alabama 36553

16

33.   Robert Reed
      1949 Patton Road
      McIntosh, Alabama 36553

34.   Malanda Reed
      1949 Patton Road
      McIntosh, Alabama 36553

35.   Eva G. Jones
      1935 Patton Road
      McIntosh, Alabama 36553

36.   James R. Montgomery **(expert)**[15]
      2306 Cathy Lane SW
      Decatur, Alabama 35603

Mr. Montgomery will testify that the process at Tate & Lyle allows the emission of odors from the manufacturing process, particularly the unwanted fugitive emission of DMA, which is transferable by air in such frequency and in such quantities so as to cause the symptoms complained of by Plaintiffs, such as coughing, headaches, labored breathing, shortness of breath, sore throat, redness and irritated eyes.

Plaintiffs may call the following witnesses to testify live at trial:  None.

Defendant objects to the following witnesses listed by Plaintiffs:

36.   James R. Montgomery (expert):  Defendant objects to Plaintiffs calling James R. Montgomery as an expert witness at the trial of this case on the grounds that he is not qualified to express the opinions he intends to express at trial; that his testimony will not assist the jury to understand the evidence or a fact at issue in this case; that his testimony is not based on

---

[15]   See Mr. Montgomery's CV previously filed (Doc. #174-6).

sufficient facts or data; that his testimony is not based on reliable principles or methods; that his testimony has not reliably applied applicable principles and methods to the facts of this case; and that his anticipated trial testimony contradicts or is inconsistent with his previous affidavit and/or deposition testimony in this case.

Defendant will call the following witnesses to testify live at trial:

1.   Mike Barnette
     McIntosh Town Hall
     206 Commerce Street
     McIntosh, Alabama 36553

2.   Larry J. Boykin
     946 Peevey Landing Road
     Frankville, Alabama 36583

3.   David C. Davis, Jr.
     9994 Fairford Road
     McIntosh, Alabama 36553

4.   George C. Day **(expert)**[16]
     83 Howardtown Road
     Tibbie, Alabama 36583

Mr. Day will testify to the fair market value of certain of the Plaintiffs' mobile homes.

5.   Ward T. Edge **(expert)**[17]
     3162 Allen Road
     Grove Hill, Alabama 36451

Mr. Edge will testify to the fair market value of certain of the Plaintiffs' residential real properties.

---

[16]   <u>See</u> Mr. Day's CV previously filed (Doc. #174-7).
[17]   <u>See</u> Mr. Edge's CV previously filed (Doc. #174-8).

pretrialorder2.radcliff(tla)

6.    Alan M. Greenberg **(expert)**[18]
      Horizon Environmental
      Corporation
      3011 West Grand Boulevard
      Fisher Building, Suite 1700
      Detroit, Michigan 48202

Mr. Greenberg will testify that Defendant's McIntosh plant does not emit odors of such duration, intensity and frequency as to cause the odor complaints made by Plaintiffs.

7.    Rand P. Roslak
      Tate & Lyle Americas, Inc.
      2200 East Eldorado Street
      Decatur, Illinois 62525

8.    Scott Sanders
      1400 Coliseum Boulevard
      Montgomery, Alabama 36110

9.    Brenda A. Tolson **(expert)**[19]
      Certified Environmental Management, Ltd.
      1817 South Ohio
      Salina, Kansas 67402

Ms. Tolson will testify that Defendant's McIntosh plant does not emit noises of such duration, intensity and frequency as to cause the noise complaints made by Plaintiffs.

Defendant may call the following witnesses to testify live

at trial:

1.    Paul A. Bell
      Tate & Lyle Sucralose, Inc.
      588 Industrial Road
      McIntosh, Alabama 36553

2.    Major Burrell
      1711 B Street, SE
      Demopolis, Alabama 36732

---

[18]   <u>See</u> Mr. Greenberg's CV previously filed (Doc. #174-9).
[19]   <u>See</u> Ms. Tolson's CV previously filed (Doc. #174-10).

pretrialorder2.radcliff(tla)

3.   L. Richard Dees
     Tate & Lyle Sucralose, Inc.
     588 Industrial Road
     McIntosh, Alabama 36553

4.   John T. Dent
     Tate & Lyle Americas, Inc.
     2200 East Eldorado Street
     Decatur, Illinois 62525

5.   Wesley M. Knapp
     8032 Highway 17
     Tibbie, Alabama 36583

6.   Michael A. Moorer
     Tate & Lyle Sucralose, Inc.
     588 Industrial Road
     McIntosh, Alabama 36553

7.   Mike Moss
     Tate &Lyle Sucralose, Inc.
     588 Industrial Road
     McIntosh, Alabama 36533

8.   Lloyd Ravey
     EmTech
     13870 Timber Creek Drive
     Cantonment, Florida 32533

9.   K. Michael Sessions
     Tate & Lyle Sucralose Inc
     588 Industrial Road
     McIntosh, Alabama 36553

10.  Ron Smith
     Tate & Lyle Sucralose, Inc.
     588 Industrial Road
     McIntosh, Alabama 36553

11.  Nathaniel W. Sullivan
     787 Charlie Lee Road
     McIntosh, Alabama 36553

12.  Michael R. Young
     17912 Heritage Estate Drive
     Baton Rouge, Louisiana 70810

13.  All witnesses listed or called by Plaintiffs.

I.   **Damages**

Plaintiffs contend that, if they prevail as to liability, they are entitled to receive diminution in value as real property owners and mental anguish damages.  Defendant disputes that Plaintiffs are entitled to these types and amounts of damages even if Plaintiffs prevail as to liability.  Plaintiffs claim the following types and amounts of damages:

### Property Diminution

a.   Laurina Law, 787 Charlie Lee Road, $65,000.00;

b.   Laurina Law, 703 Charlie Lee Road, $17,500.00;

c.   Bobby L. Radcliff, 550 Charlie Lee Road, $38,500.00;[20]

d.   Sylvester Abrams, 401 Charlie Lee Road, $40,000.00;

e.   Bobby McKenzie, 302 Charlie Lee Road, $52,000.00;

f.   Spencer Lang, 365 Charlie Lee Road, $45,000.00;[21]

g.   John Sullivan, 293 Charlie Lee Road, $60,000.00;

h.   Bernice Pressley, 339 Charlie Lee Road, $60,000.00;

i.   Linda Reed, 250 Lonnie Moore Lane, $60,000.00;

j.   Elizabeth Mitchell, 87 Shanty Road, $75,000.00;

k.   Lora Ward, 456 River Road, $30,000.00;

l.   Billie Barnes, 26 Barnes & Reed Road; $40,000.00;[22]

---

[20]  Defendant notes, however, that it was granted partial summary judgment on Mr. Radcliff's claim from property diminution damages.  (Doc. #176, p. 19).
[21]  Defendant notes, however, that it was granted partial summary judgment on Mr. Lang's claim from property diminution damages.  (Doc. #176, p. 18-19).

21

m.   Linda Thomas, 263 Charlie Lee Road, $55,000.00;

n.   Linda Thomas, rental property, $20,000.00;

o.   Leroy Adams, 273 Charlie Lee Road, $70,000.00;

p.   Eva Jones, 1935 Patton Road, $72,000.00; and

q.   Robert Reed, 1949 Patton Road, $90,000.00.

### **Mental Anguish**

a.   Carol L. Radcliff, $100,000.00;

b.   Jasmine Lang, $100,000.00;

c.   Jamya Nicole Radcliff (minor), $75,000.00;

d.   Sylvester Abrams, $100,000.00;

e.   Anita J. Hicks, $100,000.00;

f.   Jackie Wayne Hicks, Jr., $100,000.00;

g.   Bobby McKenzie, $100,000.00;

h.   Spencer Lee Lang, Jr., $100,000.00;

i.   Bonnie Sullivan, $100,000.00;

j.   Broderick Sullivan, Jr. (minor), $75,000.00;

k.   Electa Mae Pressley, $100,000.00;

l.   Avery Eugene Pressley (minor), $75,000.00;

m.   Elizabeth Mitchell, $100,000.00;

n.   Lora Ward, $100,000.00;

o.   Derrick Ward (minor), $75,000.00;

p.   Kolandski Ward, $100,000.00;

---

[22] Defendant notes, however, that it was granted partial summary judgment on Ms. Barnes' claim from property diminution damages.  (Doc. #176, p. 16-18).

q.   Linda Annette Thomas, $100,000.00;

r.   Shanteria Thomas (minor), $75,000.00;

s.   Michelle Thomas (minor), $75,000.00;

t.   Leroy Adams, $100,000.00;

u.   Fanny Jean Adams, $100,000.00; and

v.   Eva Gray Jones, $100,000.00.

**J.**   **Exhibits**

Plaintiffs will or may offer the following exhibits in evidence at trial: See Plaintiffs' Trial Exhibit List (Doc. #174-11).

Defendant objects to the following exhibits identified by Plaintiffs:

1.  Objection: Irrelevant, immaterial, prejudice outweighs probative value, hearsay, no foundation, no predicate, inadmissible expert opinion, and witness will testify live, if permitted by Court.

3.  Objection: Irrelevant, immaterial, prejudice outweighs probative value, hearsay, no foundation, and no predicate.

4.  Objection: Irrelevant, immaterial, prejudice outweighs probative value, hearsay, no foundation, and no predicate.

5.  Objection: Irrelevant, immaterial, prejudice outweighs probative value, hearsay, no foundation, and no predicate.

6.  Objection: Irrelevant, immaterial, prejudice outweighs probative value, hearsay, no foundation, and no predicate.

8.   Objection: Irrelevant, immaterial, prejudice outweighs probative value, hearsay, no foundation, no predicate, inadmissible expert opinion, and witness will testify live, if permitted by Court.

9.   Objection: Irrelevant, immaterial, prejudice outweighs probative value, hearsay, no foundation, no predicate, inadmissible expert opinion, and witness will testify live, if permitted by Court.

Defendant will or may offer the following exhibits in evidence at trial:  See Defendant's Trial Exhibit List (Doc. #174-12).

Plaintiffs object to the following exhibits identified by Defendant:  See Plaintiffs' Objections to Defendants' Exhibits (Doc. #174-13).

**K.   <u>Attorneys</u>**

Two law firms represent the Plaintiffs: The Law Offices of John W. Parker and The Law Offices of Herndon Inge III, LLC, both of which have offices in Mobile, Alabama. The Parker law firm consists of two attorneys, John W. Parker John R. Parker, and the Inge law firm consists of one attorney, Herndon Inge III.

Two law firms represent the Defendant: Turner, Onderdonk, Kimbrough, Howell, Huggins & Bradley, PA and Husch Blackwell Sanders, LLP. The Turner law firm has offices in Mobile and

24

Chatom, Alabama, and consists of the following attorneys:
Edward P. Turner Jr., A. Michael Onderdonk, W. A. Kimbrough Jr.,
Gordon K. Howell, Marc E. Bradley, Halron W. Turner, David
Michael Huggins, E. Tatum Turner and Martin R. Pearson. The
Husch law firm has offices in Saint Louis, Kansas City,
Springfield, and Jefferson City, Missouri, Omaha and Lincoln,
Nebraska, Chattanooga and Memphis, Tennessee, Chicago and
Peoria, Illinois, Denver, Colorado, Washington, D.C., and
London, U.K., and consists of Michael H. Wetmore, William J.
Curtis, Robyn D. Buck and other attorneys.

    Dated:  November 3, 2008

Respectfully submitted,

    /s/ John W. Parker
_____
JOHN W. PARKER (PARKJ3605)
Signed by Halron W. Turner with Permission
820 S. University Blvd., Suite 2-F
Mobile, Alabama 36609
Telephone:  (251) 341-1020
Facsimile:  (251) 341-1235

**And**

HERNDON INGE III (INGEH7342)
Post Office Box 40188
Mobile, Alabama 36640
Telephone:  (251) 432-1444
Facsimile:  (251) 432-6941

**Attorneys for Plaintiffs**

pretrialorder2.radcliff(tla)

<u>/s/ Halron W. Turner</u>

HALRON W. TURNER (TURNH9339)
MARC E. BRADLEY (BRADM9922)
Turner, Onderdonk, Kimbrough,
  Howell, Huggins & Bradley, PA
Post Office Drawer 1389
Chatom, Alabama 36518
Telephone:  (251) 847-2237
Facsimile:  (251) 847-3115

**And**

MICHAEL H. WETMORE (*pro hac vice*)
WILLIAM J. CURTIS (*pro hac vice*)
ROBYN D. BUCK (*pro hac vice*)
Husch Blackwell Sanders, LLP
190 Carondelet Plaza, Suite 600
Saint Louis, Missouri 63105
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505

**Attorneys for Defendant**

26