IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY L. RADCLIFF, *et al.,* | : | |
| Plaintiffs, | : | |
| v. | : | CA 06-345-CG-M |
| TATE & LYLE SUCRALOSE, INC., | : | |
| Defendant. | : | |
| | : : : | |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PROPERTY DIMINUTION ALLEGEDLY SUFFERED BY LEASEHOLD TENANTS

Defendant Tate & Lyle Sucralose, Inc. ("Tate & Lyle"), by its undersigned attorneys, respectfully submits this Motion *in Limine* to preclude Plaintiffs from presenting evidence of alleged property diminution damages to any Plaintiffs' leasehold interest in the properties at issue. Plaintiffs should be precluded from presenting such evidence under Federal Rules of Evidence 402 and 403. In support of this Motion, Tate & Lyle states as follows:

1. As currently postured by the parties' Amended Joint Pretrial Document (Doc. #186, p. 21-22), fifteen Plaintiffs seek to recover damages for the alleged diminution in value of their properties.[1]

2. Three of these Plaintiffs – Billie Barnes, Spencer Lang, and Bobby L. Radcliff, Jr. – seek to recover damages, at least in part, for diminution in value of their leasehold interest in their properties. (Doc. #176, p. 18-19).

---

[1] Of these, two Plaintiffs – Laurina Law and Linda Thomas – seek to recover property diminution damages on two different properties. (Doc. #186, p. 21-22).

3.      For instance, Billie Barnes did not own the property for which she seeks property diminution damages until May 2, 2007.  (Doc. #1, #145, p. 3).  Prior to that time, she paid monthly rent pursuant to an oral arrangement with the landowner, and therefore was only a tenant-at-will with a leasehold interest in the property.  (Doc. #145, Exhibit I-04 at p. 30:18 – 31:17 (first transcript)); McKelvey v. Terry, 474 So.2d 632, 633 (Ala. 1985).

4.      The same is true of Spencer Lang, who did not own the property for which he seeks property diminution damages until December 21, 2006.  (Doc. #1, #145, p. 4).  Prior to that, he simply resided on the land (rent free) with the permission of the landowner.  (Doc. #145, Exhibit I-10, p. 26:19 – 72:8).  Accordingly, at all times relevant herein, Mr. Lang was only a tenant-at-will with a leasehold interest in the property.  (Id.)

5.      Likewise, Bobby Radcliff, Jr. did not own the property for which he seeks property diminution damages until April 4, 2006, or just two months prior to filing suit.  (Doc. #1, #145, p. 4).  Thus, at all times relevant herein, other than April 4, 2006 until June 2, 2006, Bobby Radcliff, Jr. only had a leasehold interest in the property.  (Id.)

6.      Under Alabama law, while a tenant or leasehold interest owner has a right of action to recover against any invasion to his possessory interest in the property, it is the landlord or owner of the freehold/reversionary interest in the property that has a right of action to recover against any invasion to the value of such freehold or reversionary interest.  AmSouth Bank, N.A. v. City of Mobile, 500 So.2d 1072, 1074 (Ala. 1986) (citations omitted); Bigbee Fertilizer Co. v. Scott, 56 So. 834, 835 (Ala. Ct. App. 1911).

7.      Accordingly, Billie Barnes, Spencer Lang, Bobby Radcliff, Jr., or any other Plaintiff who owned only a leasehold interest in property, while perhaps having a cause

of action for nuisance as it affects their possessory interest, cannot recover damages for any alleged diminution in value to the freehold/reversionary interest of the property as part of such cause of action.

8. Federal Rule of Evidence 402 provides "[e]vidence which is not relevant is not admissible." Moreover, even relevant evidence should be excluded by the Court "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403.

9. The Court should exclude any and all evidence, and prohibit any and all exhibits, questions, references, testimony, and arguments offered by Plaintiffs or their counsel in the presence of the jury, whether in voir dire, opening statement, the presentation of evidence, questioning of witnesses, or closing argument, regarding any alleged property diminution in the leasehold interest of Plaintiffs Billie Barnes, Spencer Lang, Bobby Radcliff, Jr., or any other Plaintiff claiming property diminution damages to a leasehold interest, as opposed to a freehold/reversionary interest.

10. Because Plaintiffs cannot recover property diminution damages to their leasehold interest under Alabama law, any evidence of such damages is not relevant to Plaintiffs' claims of liability or for other damages and must be excluded. FED. R. EVID. 402.

11. Even if relevant, evidence of any alleged diminution in value to Plaintiffs' leasehold interests is prejudicial to Tate & Lyle and creates the risk of confusing the issues and/or misleading the jury. FED. R. EVID. 403.

WHEREFORE, for all of the foregoing reasons, Tate & Lyle Sucralose, Inc. respectfully requests that the Court exclude all evidence regarding or referring to any

alleged property diminution damages to any Plaintiffs' leasehold interest in the property at issue, and instruct Plaintiffs, their attorneys, and their witnesses, not to mention, argue, or make any statement or reference to such matters within the hearing of the jury panel.

Dated:  November 26, 2008

Respectfully submitted,

  /s/ Halron W. Turner
HALRON W. TURNER (TURNH9339)
MARC E. BRADLEY (BRADM9922)
Turner, Onderdonk, Kimbrough,
 Howell, Huggins & Bradley, PA
Post Office Drawer 1389
Chatom, Alabama 36518
Telephone:  (251) 847-2237
Facsimile:  (251) 847-3115

**And**

MICHAEL H. WETMORE (*pro hac vice*)
WILLIAM J. CURTIS (*pro hac vice*)
ROBYN D. BUCK (*pro hac vice*)
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
Saint Louis, Missouri 63105
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505

**Attorneys for Defendant,
 Tate & Lyle Sucralose, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2008, I electronically filed the forgoing document with the Clerk of the Court utilizing the CM/ECF system, which will send notification of such filing to counsel of record as listed below.

    /s/ Halron W. Turner
HALRON W. TURNER
Counsel for Defendant

**Counsel of Record**:

John W. Parker, Esq.
820 S. University Blvd., Suite 2-F
Mobile, Alabama 36609
Telephone:  (251) 341-1020
Facsimile:  (251) 341-1235

Herndon Inge III, Esq.
Post Office Box 40188
Mobile, Alabama 36640
Telephone:  (251) 432-1444
Facsimile:  (251) 432-6941