**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

BOBBY L. RADCLIFF, *et al.,*            :

      Plaintiffs,                              :

v.                                       :                    CA 06-345-CG-M

TATE & LYLE SUCRALOSE, INC.,            :

      Defendant.                               :

                    :        :        :

**<u>DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
PHYSICAL SYMPTOMS OR INJURIES ALLEGEDLY SUFFERED FROM
DMA EXPOSURE WITHOUT SCIENTIFIC PROOF OF MEDICAL CAUSATION</u>**

Defendant Tate & Lyle Sucralose, Inc. ("Tate & Lyle"), by its undersigned

attorneys, respectfully submits this Motion *in Limine* to preclude Plaintiffs from

presenting evidence of any physical symptoms or injuries allegedly suffered from

exposure to dimethylamine (DMA) without scientific proof of medical causation.

Plaintiffs should be precluded from presenting such evidence under Federal Rules of

Evidence 403, 701, and 702.  In support of this Motion, Tate & Lyle states as follows:

1.      Plaintiffs allege that DMA, an unwanted chemical by-product from Tate &

Lyle's sucralose manufacturing operations, was emitted from Tate & Lyle's plant and

invaded their properties, thereby causing an obnoxious odor and various physical

symptoms or injuries.  (Doc. #59, ¶ 27; #161, p. 1-2).

2.      Specifically, thirty-three (33) Plaintiffs claim various physical injuries as a

result of DMA emitted from Tate & Lyle's plant, but only twenty-four (24) Plaintiffs claim

that they sought medical treatment for such injuries.  (Doc. #142, p. 10, <u>Exhibits I-01

through I-37</u>).

motinlimine8.radcliff(tla)

1

3.    However, for even those Plaintiffs claiming that they sought medical treatment, no Plaintiff offers the testimony or opinion of a toxicologist or health care provider to establish medical causation between his or her symptoms and DMA exposure from Tate & Lyle's operations.  (Id.)  Nor does any Plaintiff provide medical records or documents to this effect.  (Id.; Exhibits J-01 through J-37).  Rather, all such Plaintiffs admit that they never discussed the cause(s) of their alleged injuries with their treating physicians and/or never asked or otherwise addressed whether Tate & Lyle's operations were or could be the cause of such injuries.  (Id.)[1]

4.    Thus, the only evidence linking Plaintiffs' physical symptoms or injuries to the operations of Tate & Lyle's plant is Plaintiffs' personal beliefs and opinions.  (Id.)  Plaintiffs' beliefs and opinions are based solely on their claims that such symptoms or injuries did not exist, or were not as severe, prior to Tate & Lyle's operations.  (Id.)

5.    Federal Rule of Evidence 701 provides "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

---

[1]  Only three (3) of the twenty-four (24) Plaintiffs claiming to seek medical treatment for their injuries – Linda Thomas, Michelle Thomas, and Kolandski Ward – testified that they discussed Tate & Lyle's operations with their treating physician.  (Doc. #142, n. 10, Exhibits I-30, I-31, I-33).  However, the medical records for each of these Plaintiffs do not support this testimony.  (Id., Exhibits K-30, K-31, K-33).  None of these Plaintiffs' medical records refers to Tate & Lyle, DMA, or any odor experienced on or near Plaintiffs' properties.  (Id.)

motinlimine8.radcliff(tla)

6.      Federal of Evidence 702 provides "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

7.      Federal Rule of Evidence 403 provides "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

8.      Here, any testimony or opinions from Plaintiffs that they suffered physical injuries as a result of exposure to DMA emitted from Tate & Lyle's plant are not rationally based on the perception of Plaintiffs and/or touch on medical, scientific or specialized knowledge.  Pursuant to Rules 701 and 702, Plaintiffs must present credible *expert testimony or scientific evidence* of such medical causation; they cannot offer their lay testimony or opinion on such causation.  *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1241 (11th Cir. 2005) ("[i]n toxic tort cases, '*[s]cientific knowledge* of the harmful level of exposure to a chemical plus knowledge that plaintiff was exposed to such quantities are minimal facts necessary to sustain the plaintiff's burden'") (emphasis added) (citations omitted);  *Fletcher v. Conoco Pipe Line Co.*, 223 F.3d 661, 666 (8th Cir. 2003) (requiring *expert testimony* on the source, harmful level, and ability of electricity to cause directly and foreseeably the injuries complained of); *Webster v.*

*Offshore Food Serv., Inc.*, 434 F.2d 1191, 1193 (5th Cir. 1970) (technical questions of medical causation are *beyond the competence of lay determination*); *Emody v. Medtronic, Inc.*, 238 F.Supp.2d 1291, 1295 (N.D.Ala. 2003) (whether defect caused plaintiff's claimed injuries was issue requiring *expert knowledge*) (citing Tidwell v. Upjohn Co., 626 So.2d 1297, 1299 (Ala. 1993)); *Satterfield v. J.M. Hubber Corp.*, 888 F.Supp. 1567, 1572-73 (N.D.Ga. 1995) (whether defendant's plant operations caused odor and/or plaintiffs' alleged physical injuries was issue requiring *expert or scientific testimony*; plaintiffs' lay opinions or testimony as to the same failed to satisfy Rule 701); *Layton v. Yankee Caithness Joint Venture*, 774 F.Supp. 576, 580 (D.Nev. 1991) ("Headaches, nosebleeds, dizziness and eye irritation may have many causes. Analyzing the toxic effects of exposure to hydrogen sulfide, and diagnosing the cause of headaches, nosebleeds, dizziness and eye irritation *are beyond the common knowledge of the lay person.* Therefore, *expert testimony is required* to prove a causal relationship between the hydrogen sulfide from the YCJV plant and the physical injuries suffered by Plaintiffs.") (emphasis added); *Rianda v. Olin Corp.*, 2006 WL 1525694 at *5 (N.D.Cal. May 30, 2006) ("to support their claims of personal injuries, plaintiffs will need *medical expert testimony* to establish that they suffer illnesses, disorders, and diseases, and such injuries are caused by the contamination") (emphasis added); *Meyer v. The Lockformer Co.*, 2005 WL 1869656 at *2-4 (N.D.Ill. 2005) (to establish proximate cause of plaintiff's alleged physical ailments resulting from TCE contamination plaintiff was required to present *expert testimony*).

9.     Indeed, Plaintiffs acknowledge that they do not actually know whether Tate & Lyle is the cause of any claimed physical injury or symptom, thereby further

confirming that their testimony on medical causation fails to satisfy Rules 701 and 702. (See, e.g., Doc. #142, n. 15, Exhibit I-16 at p. 60:12-17 (Plaintiff Bernice Pressley does not know and could not say whether her breathing problems were caused by Tate & Lyle's plant); Exhibit I-34 at p. 70:9-18 (Plaintiff Lora Ward does not know whether her diabetes was caused or contributed to by Tate & Lyle's plant)).

10.    Since Plaintiffs acknowledge they lack sufficient information as to whether their alleged physical injuries are caused by exposure to DMA from Tate & Lyle's plant, in addition to failing to satisfy Rules 701 and 702, such evidence is prejudicial to Tate & Lyle and creates the risk of confusing the issues and/or misleading the jury, and therefore must be excluded pursuant to Rule 403.

11.    Thus, the Court should exclude any and all evidence, and prohibit any and all exhibits, questions, references, testimony, and arguments offered by Plaintiffs or their counsel in the presence of the jury, whether in voir dire, opening statement, the presentation of evidence, questioning of witnesses, or closing argument, regarding any alleged physical symptoms or injuries allegedly suffered from exposure to DMA emitted from Tate & Lyle's plant without scientific proof of medical causation.

WHEREFORE, for all of the foregoing reasons, Tate & Lyle Sucralose, Inc. respectfully requests that the Court exclude all evidence regarding or referring to any alleged physical symptoms or injuries alleged suffered from exposure to DMA emitted from Tate & Lyle's plant without scientific proof of medical causation, and instruct Plaintiffs, their attorneys, and their witnesses, not to mention, argue, or make any statement or reference to such matters within the hearing of the jury panel.

Dated:  November 26, 2008

Respectfully submitted,


__/s/ Halron W. Turner_____
HALRON W. TURNER (TURNH9339)
MARC E. BRADLEY (BRADM9922)
Turner, Onderdonk, Kimbrough,
  Howell, Huggins & Bradley, PA
Post Office Drawer 1389
Chatom, Alabama 36518
Telephone:  (251) 847-2237
Facsimile:  (251) 847-3115

**And**

MICHAEL H. WETMORE (*pro hac vice*)
WILLIAM J. CURTIS (*pro hac vice*)
ROBYN D. BUCK (*pro hac vice*)
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
Saint Louis, Missouri 63105
Telephone:  (314) 480-1500
Facsimile:  (314) 480-1505

**Attorneys for Defendant,**
  **Tate & Lyle Sucralose, Inc.**


## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2008, I electronically filed the forgoing document with the Clerk of the Court utilizing the CM/ECF system, which will send notification of such filing to counsel of record as listed below.


__/s/ Halron W. Turner_____
HALRON W. TURNER
Counsel for Defendant

**<u>Counsel of Record</u>**:

John W. Parker, Esq.
820 S. University Blvd., Suite 2-F
Mobile, Alabama 36609
Telephone:  (251) 341-1020
Facsimile:  (251) 341-1235

Herndon Inge III, Esq.
Post Office Box 40188
Mobile, Alabama 36640
Telephone:  (251) 432-1444
Facsimile:  (251) 432-6941

motinlimine8.radcliff(tla)